**THIS ORDER IS APPROVED.**

**Dated: January 18, 2014**



*Benda Mood*

**Brenda Moody Whinery, Bankruptcy Judge**

1
2
3
4
5
6

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

7
8
9

In re:

ARMORWORKS ENTERPRISES, LLC,
TECHFIBER, LLC,

Debtors.

This Filing Applies to:

☒ Both Debtors
☐ Specified Debtor

Chapter 11 Proceedings

Case No.  2:13-bk-10332-BMW
Case No.  2:13-bk-10333-BMW

(Jointly Administered)

**ORDER ESTABLISHING BID PROCEDURES, SETTING DATE AND TIME OF SALE HEARING, AND SETTING RELATED DEADLINES**

Hearing on Bid Procedures
Date:  January 17, 2014
Time:  10:00 a.m.
Location:
James A. Walsh U.S. Courthouse
38 S. Scott Ave., Courtroom 446
Tucson, Arizona 85701

Sale Hearing
Date:  March 4, 2014
Time:  10:30 a.m.
Location:  U.S. Bankruptcy Court
Phoenix Division – Courtroom 602
230 N. 1st Ave., Phoenix, Arizona 85003

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    THIS MATTER COMES BEFORE THE COURT pursuant to the *Debtors'*

*Motion For Orders: (1) Approving A Sale Of Debtors' Assets Free And Clear Of Liens,*

*Claims And Interests, Or An Equity Sale Under Third Amended Joint Plan Of*

*Reorganization, (2) Approving Assumption And Assignment Of Unexpired Leases And*

*Executory Contracts, (3) Approving Certain Bid And Auction Procedures, (4) Setting Date And Time For Hearing On Proposed Sale, And (5) Approving Form And Notice Of Auction And Sale Hearing* (the "**Sale Motion**") filed by ArmorWorks Enterprises, LLC ("**ArmorWorks**") and TechFiber, LLC ("**TechFiber**," and with ArmorWorks, the "**Debtors**"), acting under the direction of Grant Lyon, solely in his capacity as Independent Debtor Representative in accordance with the Protocol Order.[1]  Pursuant to the Sale Motion and, *inter alia*, sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "**Bankruptcy Code**") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 6004-1 and 6006-1, the Debtors request, among other things, the entry of an order (this "**Procedures Order**") authorizing and approving certain proposed procedures, dates and deadlines (collectively the "**Bid Procedures**") to govern the sale process and to provide for the submission of any competing bids for substantially all the Debtors' assets or a sale of the equity of the Reorganized Debtors under the *Third Amended Joint Plan of Reorganization Dated December 16, 2013* (the "**Plan**") [Dkt. 442].  Unless otherwise stated, capitalized terms shall have the meanings ascribed to such terms in the Sale Motion.

At the request of the Debtors, the Court held an expedited hearing on accelerated notice regarding the Debtors' request for immediate entry of the Procedures Order.  The Court has considered the Sale Motion, the Fishman Declaration, all papers filed by the Debtors in support of the Sale Motion, the oral arguments and statements of counsel and

---

[1]   The "Protocol Order" means and refers to the *Order Granting Joint Motion for Approval of Governance Protocol for Sale and Non-Ordinary Course Transactions, and Retention Grant Lyon as Independent Debtor Representative* entered on October 7, 2013 [Docket No. 291], as amended by the *Stipulated Order Amending And Clarifying Governance Protocol For Sale And Non-Ordinary Course Transactions, And Retention Of Grant Lyon As Independent Debtor Representative* entered on December 19, 2013 [Docket 452], and as further amended, modified, restated or supplemented from time to time.

2

3962281v3/22420-0006

the record in this case. Based on such consideration, the Court finds that it has jurisdiction over the Motion; this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue of the case is proper pursuant to 28 U.S.C. §§ 1408 and 1409; the statutory predicates for the relief requested herein are sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006; notice of the Motion was adequate and appropriate under the circumstances and no further notice need be given; the proposed Bid Procedures are reasonable and appropriate under the circumstances; and good cause exists to grant the relief requested in the Motion, as more fully set forth herein.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. The Sale Motion is granted in part, as set forth in this Procedures Order.

2. All objections to the Bid Procedures that have not been withdrawn, waived or settled are overruled.

3. The Bid Procedures, as set forth in **Exhibit A** attached hereto and incorporated herein by this reference, are approved and shall be effective and binding on all parties. In the exercise of the Independent Debtor Representative's reasonable business judgment, after consultation with the Debtors, the Committee, and the Members, the Independent Debtor Representative may waive any non-compliance with the Bid Procedures by a Potential Bidder and determine that a Potential Bidder, despite any non-compliance, is a Qualified Bidder.

4. The form and manner of notice of the proposed sale of assets, the assumption and assignment of executory contracts and unexpired leases, and related matters proposed in the Motion, including the form of Sale and Procedures Notice and the form of Contract Notice, as set forth respectively in **Exhibit B** and **Exhibit C** attached hereto, are approved.

5. On or before the Bid Deadline, each Qualified Bidder shall provide the

3

Debtors with the list of contracts and leases such Qualified Bidder intends to designate as Transferred Contracts under an APA or EPA.

6. As soon as practicable after the entry of this Order, the Debtor shall serve the Contract Notice, along with a copy of the Sale Motion and the Sale and Procedures Notice, on all non-Debtor counterparties to any contract or lease (the "**Contract Notice Parties**") that are potentially subject to be assumed, or assumed and assigned in connection with the sale; provided, however, that the presence of a contract or lease on a Contract Notice does not constitute an admission that such contract or lease is an executory contract and does not bar any Qualified Bidder from removing any such contract or lease from its list of Transferred Contracts.

7. Other than objections to the ability of the Buyer to provide adequate assurance of future performance, objections, if any, to the proposed assumption and assignment of any of the Transferred Contracts, must be filed with the Court and served on the Debtors within fourteen (14) days after service of the Contract Notice by the Debtors. Objections to the ability of the Buyer to provide adequate assurance of future performance may be heard at the Sale Hearing. If any objections are received and not resolved, such objections will be heard at the Sale Hearing.

8. To the extent that any person or entity does not timely object as set forth above, such person or entity shall be (a) forever barred from objecting to the assumption and assignment of any of the Contracts identified on the Contract Notice, including, without limitation, asserting any additional cure payments or requesting additional adequate assurance of future performance, (b) deemed to have consented to the applicable Cure Amount, if any, and to the assumption and assignment of the applicable contract or lease, (c) bound to such corresponding Cure Amount, if any, (d) deemed to have agreed that the Buyer has provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code, (e) deemed to have agreed

4

that all defaults have been cured as a result or precondition of the assignment, such that the Buyer and the Debtor shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, (f) deemed to agree that from and after the date of the assignment the applicable contract or lease shall remain in full force and effect for the benefit of the Buyer and such entity in accordance with its terms, (g) deemed to have relieved the Debtors and their estate from any liability for breach of such contract or lease occurring after such assignment; (h) deemed to have waived any right to terminate the applicable contract or lease or designate any early termination date under the applicable contract or lease as a result of any default that occurred and/or was continuing prior to the assignment date, and (i) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable contract or lease.

9.      Within one day of entry of this Order, the Sale and Procedures Notice shall be served on the Service Parties and on all parties listed on the Debtors consolidated master mailing list.

10.     In accordance with the Bid Procedures and this Order, any Qualified Bid must conform to the requirements of the Bid Procedures and be submitted on or before on or before 5:00 p.m. PST on February 7, 2014.

11.     A status hearing regarding the Auction, and any issues that arise in the sale process prior to the Auction, shall be held in this Court on February 19, 2014 commencing at 11:30 a.m. in the U.S. Bankruptcy Court – Tucson Division: 38 S. Scott Ave., Courtroom 446, Tucson, Arizona 85701. Videoconference will be available from Phoenix Courtroom 602 located at 230 N. 1st Avenue, Phoenix, Arizona 85003.

12.     The Auction shall be held at the Phoenix Office of Gallagher & Kennedy, P.A. on February 21, 2014 commencing at 10:00 a.m. local time.

13.     The Independent Debtor Representative is authorized to conduct the

5

Auction in any reasonable manner that is not inconsistent with this Order and the Bid Procedures, and to take all other required action, in accordance therewith.

14.     As soon as practicable after the conclusion of the Auction, the Debtor will file with the Court, and serve on all parties on the Debtors' consolidated master mailing list, a notice identifying the Prevailing Bidder and stating which contracts and leases will be assumed and assigned (the "**Transferred Contracts List**"). The Transferred Contracts List will also be served via first class mail on all non-Debtor counterparties to the contracts and leases set forth on the Transferred Contracts List within three (3) business days of entry of the Sale Order, together with a copy of the Sale Order.

15.     A hearing to consider approval of the sale (the "**Sale Hearing**") shall be held on March 4, 2014 commencing at 10:30 a.m. in the U.S. Bankruptcy Court – Phoenix Division: 230 N. 1st Avenue, Phoenix, Arizona 85003, and may be continued or rescheduled without notice other than by announcement at the Sale Hearing.

16.     The deadline to file and serve any objection to the proposed Asset Sale or Equity Sale, any objections to the ability of the proposed Buyer to provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code with respect to any executory contracts or unexpired leases, and any evidence in support of such objections, shall be February 26, 2014.

17.     The deadline to file and serve any written declarations and any reply in support of the proposed Asset Sale or Equity Sale, including any evidence in support of the assumption and assignment or any executory contract or unexpired lease, shall be February 28, 2014.

18.     Where a party to an assigned contract or lease files a timely objection asserting a higher cure amount than the Cure Amount, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under section 365 of the Bankruptcy Code with respect to such objection will be determined at

the Sale Hearing or such other date and time as may be fixed by the Court. All other objections to the proposed assumption and assignment of executory contracts and unexpired leases will be heard at the Sale Hearing.

19.     Any opposition and supporting evidence thereto with respect to the adequate assurance of future performance with respect to any assumed contract or lease may be presented at or before the time of the Sale Hearing. If a counterparty of an assigned lease or contract does not timely object to the adequate assurance of future performance by the Buyer, the Court may enter an order forever barring such counterparty from objecting to the adequate assurance of future performance based upon the failure to timely object.

20.     Any objections to the relief requested in the Sale Motion shall be served on counsel for the Debtors, in a manner that ensures that it is actually received by Debtors' counsel prior to the applicable objection deadline, at the following address: Gallagher & Kennedy, P.A., Attn: Todd A. Burgess, 2575 E. Camelback Rd., Suite 1100, Phoenix, Arizona, 85016, Fax No. (602) 530-8500, Email: todd.burgess@gknet.com.

21.     Any reply and supporting evidence with respect to any of the foregoing may be presented at the Sale Hearing.

22.     Notwithstanding the applicability of Bankruptcy Rules 6004(h), 7062 and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

23.     The Court shall retain jurisdiction to resolve any dispute relating to the interpretation of this Order. To the extent any provisions of this Order are inconsistent with the Sale Motion, the terms of this Order shall control.

**DATED AND SIGNED ABOVE.**

3962281v3/22420-0006