# SETTLEMENT AND RELEASE AGREEMENT

This **SETTLEMENT AND RELEASE AGREEMENT** (the "Agreement") is made effective as of May 14, 2014, by and between **ARMORWORKS, INC.** ("AWI"), **WILLIAM J. PERCIBALLI** ("Perciballi") and **ARMORY, L.L.C.** ("Armory") (AWI, Perciballi and Armory are collectively the "AWI Parties") and **C SQUARED CAPITAL PARTNERS, L.L.C.** ("C Squared") **ANCHOR MANAGEMENT, L.L.C.** ("Anchor"), **TIM AND HEIDI CROWN** and **ERIC CROWN** (the "Crowns") (C Squared, Anchor and Crowns are collectively the "C Squared Parties"). The AWI Parties and the C Squared Parties are collectively the "Parties."

## RECITALS

A.  ArmorWorks Enterprises, LLC ("AWE") is a manufacturer of military body armor, aircraft armor, and vehicle armor and was formed in 2001. AWE has two members: (a) C Squared has a 40% membership interest in AWE; and (b) AWI has a 60% membership interest in AWE.

B.  Perciballi is the sole shareholder of AWI. Timothy Crown and Eric Crown are the two members of both C Squared and Anchor. Anchor is C Squared's manager.

C.  On May 9, 2011, C Squared and Anchor filed suit against the AWI Parties and AWE in the Superior Court of the State of Arizona in and for the County of Maricopa (the "State Court") as Case No. CV2011-009812 (the "9812 State Court Proceeding"). In the 9812 State Court Proceeding, AWI and AWE asserted counterclaims against the C Squared Parties.

D.  On or about April 8, 2011, Perciballi and AWI filed suit against the C Squared Parties in the State Court as Case No. CV2011-008170 (the "8170 State Court Proceeding") (the 9812 State Court Proceeding and the 8170 State Court Proceeding are collectively the "State Court Proceedings").

E.  On or about June 16, 2013, Perciballi filed a voluntary petition for relief under Chapter 11, Title 11, United States Code, for AWE as Case No 2:13-bk-10332 (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Arizona ("Bankruptcy Court").

F.  On or about July 28, 2013, Perciballi and AWI removed the State Court Proceedings to the Bankruptcy Court. 9812 State Court Proceeding was assigned Bankruptcy Court Adversary Case No. 2:13-ap-00872 and 8170 State Court Proceeding was assigned Bankruptcy Court Adversary Case No. 2:13-ap-00871 (collectively, the "Removed Proceedings").

G.  The C Squared Parties filed three proofs of claim in the Bankruptcy Case, claim numbers 53, 54 and 55 (the "C Squared Claims").

Case 2:13-bk-10332-BMW    Doc 630-5    Filed 05/27/14    Entered 05/27/14 19:37:56
Desc Exhibit E (Settlement Agreement)    Page 1 of 8

H. The AWI Parties are seeking a funding source to allow AWE to present and confirm a revised plan of reorganization for AWE ("Revised Plan") in the Bankruptcy Case.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

## AGREEMENT

1. *Accuracy of Recitals.* To the best of each Party's knowledge, the Parties acknowledge that the Recitals set forth above are true, accurate and correct, and such recitals are incorporated into this Agreement by this reference.

2. *Terms of Settlement.* The Parties have agreed to settle their dispute upon the following terms and conditions, along with all of the other terms and conditions of this Agreement:

   a) As consideration for AWI's purchase of C Squared's 40% membership interest in AWE, the AWI Parties shall pay $1,100,000.00 to the C Squared Parties ("Settlement Amount") by wire or other certified funds. Payment of the Settlement Amount shall be made before the effective date ("Effective Date") of the Revised Plan (the "Settlement Date").

   b) Within five (5) business days of receipt of the Settlement Amount, the C Squared Parties shall withdraw the C Squared Claims or stipulate that the C Squared Claims shall be disallowed.

3. *Revised Plan.* AWI and AWE shall be joint proponents of the Revised Plan. The Revised Plan shall contain the following provision: Written acknowledgement by the C Squared Parties that they have received the Settlement Amount is a condition precedent to the effectiveness of the Revised Plan. The foregoing condition precedent is waiveable only with the express prior written consent of the C Squared Parties. Despite any provision of the Bankruptcy Code to the contrary, including but not limited to § 1127, AWI and AWE affirmatively waive the right to modify the Revised Plan to remove, edit or modify this condition precedent. Notwithstanding the foregoing, in the event that the Bankruptcy Court authorizes the removal, edit or modification of this condition precedent without the C Squared Parties' prior written consent, AWI and AWE acknowledge and agree that the removal, edit or modification of this condition precedent without the C Squared Parties' written consent would constitute a material modification of the Revised Plan mandating an amended disclosure statement and re-balloting of the Revised Plan.

4. *Conditions Precedent.* All of the following must occur before the C Squared Parties obligations under this Agreement become effective:

18868806

2 of 8

Case 2:13-bk-10332-BMW    Doc 630-5    Filed 05/27/14    Entered 05/27/14 19:37:56
Desc Exhibit E (Settlement Agreement)    Page 2 of 8

a) The Revised Plan must be confirmed and go effective on or before October 1, 2014;

b) The C Squared Parties receive the Settlement Amount on or before October 1, 2014.

5. <u>Release of C Squared Parties by AWE</u>. Prior to or at confirmation of the Reorganized Plan, AWI shall cause AWE to release and waive any and all claims, demands, actions, causes of action, damages, costs, expenses, and other rights of any nature whatsoever, whether known or unknown, whether or not accrued, whether in tort or contract, whether presently existing or later arising, against the C Squared Parties and any and all of their affiliates, officers, directors, agents, servants, employees, attorneys and persons in active concert or participation with them (collectively the "<u>C Squared Released Parties</u>") including, but not limited to, any claim arising out of or in any way relating to the State Court Proceedings, the Removed Proceedings and/or the Bankruptcy Case (the "<u>AWE Release of the C Squared Released Parties</u>").

6. <u>Dismissal of the State Court Proceedings and the Removed Proceedings</u>. Within five (5) business days of receipt by the C Squared Parties of the Settlement Amount, the Parties shall file stipulations for dismissal with prejudice in the State Court Proceedings and/or the Removed Proceedings. Upon execution of this Agreement and until receipt by the C Squared Parties of the Settlement Amount and withdrawal of the C Squared Claims, the State Court Proceedings and/or the Removed Proceedings shall be stayed and the Parties will request that the State Court and/or the Bankruptcy Court not issue any under advisement rulings.

7. <u>Strict Performance</u>. The AWI Parties and the C Squared Parties shall strictly and timely perform the terms and conditions in this Agreement.

8. <u>Non-Disparagement</u>. The Parties agree to not, orally or in writing, publicly or privately, to any individual, corporation, business, or public entity, disparage, defame, or criticize, each other or any of their respective partners, members, officers, directors, employees, agents, representatives, parents, subsidiaries, or affiliates, in any way relating to: (i) either Party's prior service as a manager or member of AWE; (ii) the facts and allegations set forth in the State Court Proceedings or the Removed Proceedings; and/or (iii) the Bankruptcy Case.

9. <u>No Admission if Agreement is Null and Void</u>. In the event that: (i) the Revised Plan is not confirmed and the Effective Date does not occur before October 1, 2014; and (ii) the C Squared Parties have not received the Settlement Amount before October 1, 2014, this Agreement shall be null and void and none of the Parties shall have any further obligations hereunder. In addition, if this Agreement become null and void pursuant to the terms hereof, nothing contained in this Agreement shall constitute or be deemed an admission of any fact, circumstance or claim or a waiver or release of any claims or defenses presently asserted or which any Party may in the future have, discover or claim or prejudice in any manner the rights of any of the Parties in any pending or further case proceedings involving any of the Parties.

3 of 8

18868886

10. <u>Release and Waiver of Claims by AWI Parties</u>. Effective upon receipt by the C Squared Parties of the Settlement Amount and withdrawal or disallowance of the C Squared Claims, the AWI Parties hereby release and waive any and all claims, demands, actions, causes of action, damages, costs, expenses, and other rights of any nature whatsoever, whether known or unknown, whether or not accrued, whether in tort or contract, whether presently existing or later arising, against the C Squared Released Parties including, but not limited to, any claim arising out of or in any way relating to the State Court Proceedings, the Removed Proceedings and/or the Bankruptcy Case; <u>provided, however, that</u> the C Squared Parties shall not be released from any obligations under this Agreement.

11. <u>Release and Waiver of Claims by C Squared Parties</u>. Effective upon payment by the AWI Parties of the Settlement Amount to the C Squared Parties, the C Squared Parties release and waive any and all claims, demands, actions, causes of action, damages, costs, expenses, and other rights of any nature whatsoever, whether known or unknown, whether or not accrued, whether in tort or contract, whether presently existing or later arising, against the AWI Parties and any and all of their affiliates, officers, directors, agents, servants, employees, attorneys and persons in active concert or participation with them including, but not limited to, any claim arising out of or in any way relating to the State Court Proceedings, the Removed Proceedings and/or the Bankruptcy Case; <u>provided, however, that</u> the AWI Parties shall not be released from any obligations under this Agreement.

12. <u>Binding Effect</u>. This Agreement shall be binding upon, extend to, and inure to the benefit of the heirs, successors, and assigns of the parties hereto, to the officers, directors, employees, partners, agents and representatives of the parties hereto, and to all persons or entities claiming by, through or under any of the Parties hereto. Notwithstanding the release provisions in ¶¶ 11 and 12 above, the Parties do not release each other from their obligations and duties under this Agreement.

13. <u>Tax Matters</u>.

   a) Allocations of Tax Items. The Parties acknowledge and agree that, except as otherwise required by law, effective as of the close of business on the Settlement Date, the books of AWE for the taxable year of AWE that includes the Settlement Date shall be closed and the profits, income, losses, deductions, and credits of AWE for the period commencing January 1, 2014 and ending as of the close of business on the Equity Purchase Date (the "Stub Period") shall be allocated among C Squared and AWI using the interim closing of the books method for U.S. Federal and state income tax purposes. No AWE profits, income, losses, deductions, and credits attributable to any period following the Settlement Date shall be allocated to C Squared.

   b) Preparation of Tax Returns. The AWI Parties shall prepare, or cause to be prepared, the tax returns of AWE that are due after the Effective Date of the Revised Plan, including, but not limited to, AWE's

18888886

Case 2:13-bk-10332-BMW    Doc 630-5    Filed 05/27/14    Entered 05/27/14 19:37:56
Desc Exhibit E (Settlement Agreement)    Page 4 of 8

final Federal and state partnership income tax returns. Within one hundred twenty (120) days after the Effective Date of the Revised Plan, the AWI Parties shall provide copies of any proposed Federal and state partnership income tax returns that are due after the Effective Date and that relate to periods ending on or prior to the Effective Date to C Squared for its review and, upon request, shall provide C Squared copies of such of AWE's books and records as are relevant to such tax returns. C Squared shall provide AWE written objections with respect to such proposed tax returns containing reasonable detail as to objected items and the basis for such objections within fifteen (15) days of the later of the: (i) date of receipt by C Squared of the proposed AWE tax returns, or (ii) date of receipt by C Squared of documents requested by C Squared relating to the proposed AWE tax returns, and the Parties shall endeavor in good faith to negotiate the resolution of the disputed items. If the Parties are unable to negotiate a resolution of the disputed items within fifteen (15) days of AWE's receipt of C Squared's written objections, the Parties shall submit the disputed items to a mutually acceptable firm of independent certified public accountants (the "Independent Accountants"). If the parties are not able to agree upon the Independent Accountants within five (5) days of the end of the fifteen (15) day period for negotiating their dispute, then within three (3) days of the end of such five-day period, the AWI Parties and C Squared shall each submit a firm of independent certified public accountants and the two firms so selected shall select a third firm of independent certified public accountants within five (5) days of the end of such three-day period, and such third firm of independent certified public accountants shall serve as the Independent Accountants. If either Party fails to submit a firm of independent certified public accountants within such three-day period, the firm of independent certified public accountants submitted by the other Party shall serve as the Independent Accountants. Upon the selection of the Independent Accountants, and in any event within five (5) days following such selection, the Parties shall submit to the Independent Accountants (and the other Party) all documentary materials and analyses that each Party believes to be relevant to a resolution of the disputed items. Within thirty (30) days after receipt of all such submissions, the Independent Accountants shall make a determination on the disputed items and deliver to the Parties a written report (the "Final Report") containing the Independent Accountants' determination of the disputed matters that were so submitted to it (and only such matters). The determination of the Independent Accountants that is contained in the Final Report shall be final, binding, and conclusive on the Parties. The fees and disbursements of the Independent Accountants shall be paid fifty percent (50%) by the AWI Parties and fifty percent (50%) by C Squared.

c) In the event that Independent Accountants have not issued a Final Report on or before the due date of any returns to be filed by AWE (as such may have been extended), nothing contained in this Paragraph shall

18868896

5 of 8

Case 2:13-bk-10332-BMW    Doc 630-5    Filed 05/27/14    Entered 05/27/14 19:37:56
Desc Exhibit E (Settlement Agreement)    Page 5 of 8

preclude AWE from filing such returns and complying with applicable law with respect thereto.

d) **No Amendment of Tax Returns Without the Other Parties' Consent.** No Party shall amend any tax returns for any tax periods ending on or prior to the Effective Date without the express approval of the other Parties, which approval may not be unreasonably withheld, delayed, or conditioned.

14. General.

a) <u>No Third Party Beneficiary</u>. Except for the non-party C Squared released Parties and the non-party AWI Parties released herein, there are no third parties intended to benefit from this Agreement.

b) <u>GOVERNING LAW</u>. THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS (WITHOUT REGARD TO THE CONFLICT OF LAWS PROVISIONS) OF THE STATE OF ARIZONA. The Parties agree that any and all disputes regarding this Agreement shall be heard in the state or federal courts located in Maricopa County, Arizona ( "<u>Maricopa County</u>"). The Parties agree and submit to the jurisdiction of Maricopa County.

c) <u>Severability</u>. Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction only, be unenforceable without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

d) <u>Construction</u>. All references in this Agreement to the singular shall be deemed to include the plural if the context so requires and vice versa. References in the collective or conjunctive shall also include the disjunctive unless the context otherwise clearly requires a different interpretation.

e) <u>WAIVER OF JURY TRIAL</u>. EACH PARTY HERETO HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS AGREEMENT, THE LOAN DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY (WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY).

f) <u>Integration</u>. This Agreement constitutes the entire agreement between the parties hereto concerning the subject matter hereof and may not be altered or amended except by written agreement signed by the

6 of 8

18888886

Case 2:13-bk-10332-BMW    Doc 630-5    Filed 05/27/14    Entered 05/27/14 19:37:56
Desc Exhibit E (Settlement Agreement)    Page 6 of 8

Parties. All prior and contemporaneous agreements concerning the subject matter hereof are merged herein.

g) <u>No Modification</u>. The Parties agree that this Agreement may not be modified, altered, or amended except by a writing signed by all of the Parties.

h) <u>Time</u>. Time is of the essence of this Agreement.

i) <u>Denial of Liability</u>. The Parties acknowledge, covenant, and agree that this Agreement is the result of compromise and shall never at any time for any purpose be construed as an admission of liability or responsibility to any other Party or to any other person.

j) <u>Further Action and Documents</u>. The Parties shall take all further actions and execute and deliver all further documents reasonably necessary or desirable to carry out the provisions and purposes of this Agreement.

k) <u>Attorneys' Fees</u>. The prevailing Party in any action to enforce this Agreement shall be entitled to their attorneys' fees and costs.

l) <u>Counterpart Execution</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same document. Signature pages may be detached from the counterparts and attached to a single copy of this Agreement to physically form one document. Receipt by either party of an executed copy of this Agreement by facsimile or electronic mail shall constitute conclusive evidence of execution and delivery of this Agreement by the signatory thereto.

m) <u>Headings</u>. All section headings are for reference only and are not intended to affect the interpretation of this Agreement.

n) <u>Reversal of Payments</u>. If the C Squared Parties receive any payments or proceeds of any collateral which are applied to the obligations described herein and such payments are subsequently invalidated, declared to be fraudulent or preferential, set aside or required to be paid to a trustee, a debtor-in-possession, receiver or any other party under any bankruptcy law, common law, equitable cause or otherwise, then, to such extent, the obligations or part thereof intended to be discharged or satisfied by such payments or proceeds shall be reversed and continue as if such payments or proceeds had not been received by the C Squared Parties.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

18888898    7 of 8

Case 2:13-bk-10332-BMW    Doc 630-5    Filed 05/27/14    Entered 05/27/14 19:37:56
Desc Exhibit E (Settlement Agreement)    Page 7 of 8

CONSENTED AND AGREED AS TO BOTH FORM AND CONTENT BY:

**CONTRACTING PARTIES:**

**ARMORWORKS, INC.**

By: *[signature]*  Date: 5-14-14
Name: William Perciballi
Title: President

**WILLIAM J. PERCIBALLI**

*[signature]*  Date: 5-14-14

**ARMORY L.L.C.**

By: *[signature]*  Date: 5-14-14
Name: William Perciballi
Title: Manager

**C SQUARED CAPITAL PARTNERS L.L.C.** By: Anchor Management, LLC
Its: Manager

By: *[signature]*  Date: 5-14-14
Name: TIMOTHY A CROWN
Title: MEMBER

**ANCHOR MANAGEMENT L.L.C.**

By: *[signature]*  Date: 5-14-14
Name: TIMOTHY A CROWN
Title: MEMBER

**TIM AND HEIDI CROWN**

*[signature]*  Date: 5-14-14

*[signature]*  Date: 5/14/14

**ERIC CROWN**

*[signature]*  Date: 5/18/14

18868806   8 of 8

Case 2:13-bk-10332-BMW   Doc 630-5   Filed 05/27/14   Entered 05/27/14 19:37:56
Desc Exhibit E (Settlement Agreement)   Page 8 of 8