# ARMORWORKS ENTERPRISES, LLC
## RESTRUCTURING PLAN FUNDING TERM SHEET
## DATED EFFECTIVE MAY 23, 2014

THIS TERM SHEET FOR THE FUNDING BY DIVERSIS CAPITAL, LLC OF A CHAPTER 11 PLAN FOR THE DEBTORS (THE "PLAN FUNDING TERM SHEET") DOES NOT CONSTITUTE (NOR SHALL IT BE CONSTRUED AS) AN OFFER WITH RESPECT TO ANY SECURITIES OR A SOLICITATION OF ACCEPTANCES OR REJECTIONS AS TO ANY PLAN OF REORGANIZATION, IT BEING UNDERSTOOD THAT SUCH A SOLICITATION, IF ANY, ONLY WILL BE MADE IN COMPLIANCE WITH APPLICABLE PROVISIONS OF SECURITIES, BANKRUPTCY AND/OR OTHER APPLICABLE LAWS. THIS PLAN FUNDING TERM SHEET DOES NOT ADDRESS ALL MATERIAL TERMS AND CONDITIONS THAT WOULD BE REQUIRED IN CONNECTION WITH ANY POTENTIAL FINANCIAL RESTRUCTURING AND IS SUBJECT TO THE NEGOTIATION AND EXECUTION OF DEFINITIVE DOCUMENTATION IN FORM AND SUBSTANCE CONSISTENT WITH THIS PLAN FUNDING TERM SHEET AND OTHERWISE ACCEPTABLE IN ALL RESPECTS TO THE DEBTORS (AS DEFINED BELOW), THE PLAN SPONSOR (AS DEFINED BELOW) AND INVESTOR (AS DEFINED BELOW).

By their signatures below, Diversis Capital, LLC ("Investor"), ArmorWorks Enterprises, LLC ("AWE") and its wholly owned subsidiary, TechFiber, LLC ("TechFiber" and, together with AWE, the "Debtors") confirm their willingness to enter into the restructuring transactions described in this Plan Funding Term Sheet, subject to all of the terms and conditions hereof.

This Plan Funding Term Sheet sets forth the principal terms of a proposed restructuring (the "Restructuring") of existing debt and other obligations of Debtors through a chapter 11 plan of reorganization (a "Plan") containing the terms and conditions described herein and other standard and customary provisions.[1] Except with respect to the contractual arrangements among Investor, Perciballi and AWI as to which this sentence does not apply, this Plan Funding Term Sheet reflects the entire understanding of the parties with respect to the content hereof and supersedes any and all oral, written, implied, or expressed understandings or agreements between the parties regarding the content of this Plan Funding Term Sheet. The obligation of the Investor to provide funding for the payment of claims and administrative expenses under the Plan is subject to, *inter alia*, the preparation, execution, and delivery of (a) final versions of a plan, disclosure statement, draft confirmation order and related documents ("AWE Documents") in form and substance satisfactory to each of AWE, AWI and Investor in their sole discretion, and (b) a purchase agreement and attendant investment documents between and among Investor, Perciballi and AWI (collectively, the "AWI Documents", and together with the AWE Documents, the "Definitive Documents") in form and substance satisfactory to each of Perciballi, AWI and Investor in their sole discretion.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Debtors' Fourth Amended Joint Plan of Reorganization Dated May 27, 2014, executed by AWI, William J. Perciballi ("Perciballi"), and the Debtors (together, the "Plan Proponents") concurrently herewith. AWI shall serve as a sponsor for the Restructuring and the Plan as set forth in this Plan Funding Term Sheet (the "Plan Sponsor").

Subject to the conditions set forth herein, including the timely delivery of Definitive Documents acceptable to the applicable parties in their sole discretion, each party hereto hereby agrees to take all actions reasonably necessary to negotiate, document and consummate the transactions contemplated by this Plan Funding Term Sheet. Unless each of the parties agrees in writing to extend such deadline, if the parties have not agreed to Definitive Documents with respect to the proposed Restructuring set forth herein by June 16, 2014, this Plan Funding Term Sheet shall expire and be null and void, and each party shall be relieved of any and all obligations to take any further action in connection with this Plan Funding Term Sheet or the proposed Restructuring set forth herein.

| | |
|---|---|
| **DEBTORS:** | AWE and TechFiber |
| **BANKRUPTCY CASES:** | The Debtors commenced voluntary chapter 11 cases (the "Bankruptcy Cases") in the U.S. Bankruptcy Court for the District of Arizona (the "Bankruptcy Court") on June 17, 2013 (the "Petition Date"). |
| **NON-DEBTOR AFFILIATES:** | Ballistic Advantage ArmorWorks, Inc. |
| | ShockRide, LLC ("ShockRide") |
| | Applied Heat Technologies, LLC |
| | Protective Ceramics, LLC (Delaware) |
| | Protective Ceramics, LLC (Arizona) |
| | Mandall BarrierWorks, LLC ("MBW") |
| | ArmourWorks International Holding Limited |
| | ArmourWorks International Limited |
| | ArmorWorks Ballistic Limited |
| | ArmorWorks Enterprises Canada, ULC ("AWE Canada") |
| **EXISTING EQUITY OWNERS** | AWI (60% membership interest in AWE) |
| | C Squared Capital Partners, LLC ("C Squared") (40% membership interest in AWE) |
| **DIP FINANCING:** | By final order entered on July 19, 2013, the Bankruptcy Court approved a $3.5 million secured, super-priority debtor-in-possession financing facility (the "DIP Facility"). The Debtors and two of their non-debtor affiliates, ShockRide and MBW, are borrowers under the DIP Facility. |
| | The DIP Facility is currently set to mature on June 30, 2014. |
| | On August 30, 2013, the Bankruptcy Court entered an order approving a first amendment to the DIP Facility that permitted AWE to make a $500,000 loan to its non-debtor subsidiary, AWE Canada. On October 25, 2013, the DIP lender made an additional $150,000 loan to non-debtors Shockride and MBW, who in turn made a $150,000 loan to |

-2-

4228311v1/22420-0006

Case 2:13-bk-10332-BMW   Doc 630-6   Filed 05/27/14   Entered 05/27/14 19:37:56
Desc Exhibit F (Plan Funding Term Sheet)   Page 2 of 13

| | |
|---|---|
| | AWE Canada (the "2013 AWE Canada Loan"). |
| | On May 8, 2014, the Debtors paid down the DIP Facility by $2,000,000 pursuant to the *First Forbearance Agreement And Second Amendment To Dip Credit Agreement*. |
| **PLAN SPONSOR:** | AWI. |
| **PLAN PROPONENTS:** | AWI, Perciballi and the Debtors. |
| **CHAPTER 11 PLAN MILESTONES:** | • No later than May 27, 2014, the Debtors shall have filed the Plan and an amended disclosure statement (the "Disclosure Statement"), each in form and substance consistent with this Plan Funding Term Sheet and acceptable to the Plan Sponsor and Investor. |
| | • No later than June 13, 2014, the Bankruptcy Court shall have entered an order, in form and substance acceptable to the Plan Sponsor and Investor, conditionally approving the Disclosure Statement. |
| | • No later than July 18, 2014, voting on the Plan shall have been completed. |
| | • No later than July 31, 2014, the Plan (which Plan, the documents related thereto, and corresponding confirmation order shall be in form and substance acceptable to the Plan Sponsor and Investor) and the Disclosure Statement (on a final basis) shall have been approved by order of the Bankruptcy Court. |
| | • No later than August 15, 2014, the effective date of the Plan (the "Effective Date") shall have occurred. |
| **SOURCES OF FUNDS FOR PLAN DISTRIBUTIONS:** | • On the Effective Date, in exchange for 100% of the equity interests in reorganized AWE ("Reorganized AWE"), Investor shall: (a) contribute $3,000,000 in cash to AWE for payment of claims and administrative expenses (b) cause Perciballi and AWI to contribute to Reorganized AWE all intellectual property used in the businesses of the Debtors, that is owned or controlled by Perciballi or AWI; and (c) fund the payment of certain obligations of AWI ((a) and (b), the "Plan Contributions"). On the Effective Date, Investor shall contribute such equity interests in Reorganized AWE plus certain cash to AWI in exchange for the common and preferred equity interests in AWI provided for in the AWI Documents and as further described in the Plan as the "Corporate Restructuring Transactions." |

-3-

4228311v1/22420-0006

- On or before the Effective Date of the Plan, AWI shall pay the C Squared Settlement Amount to the C Squared Parties in accordance with the C Squared Settlement.
- Within three (3) Business Days prior to the Confirmation Hearing, Investor shall, subject to the execution of an appropriate confidentiality agreement, provide the Debtors with evidence, sufficient in the reasonable discretion of the Debtors, establishing that Plan Sponsor will have sufficient committed funds or non-contingent financing sources available to fund the Restructuring and the C Squared Settlement Amount on the Effective Date as contemplated by this Plan Funding Term Sheet.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**DIP Facility:** Unless paid sooner, or a different treatment is consented to in writing by a particular DIP Lender, the DIP Obligations shall be paid in full and in cash on the Effective Date before the payment of any other Claims against the Debtors, other than Vendor Administrative Claims. Any dispute regarding the amount of any DIP Obligations shall be resolved by the Bankruptcy Court on an expedited basis prior to the occurrence of the Effective Date. Notwithstanding anything to the contrary contained in the Plan or the Confirmation Order, the terms of the DIP Orders and all liens granted to DIP Lenders shall survive and shall remaining binding and enforceable until the DIP Obligations have been fully paid. Upon payment in full of the DIP Obligations, all liens granted to the DIP Lenders shall be deemed fully and forever released and discharged.

**Administrative Expense Claims:** Every Creditor holding an Allowed Administrative Expense Claim against the Debtors will be paid, in full satisfaction of their Allowed Claim, after the payment in full of the DIP Obligations: (a) fully and in Cash on or before ten (10) Business Days after the Effective Date if the Claim is then an Allowed Claim; (b) fully and in Cash within ten (10) Business Days after the entry of a Final Order allowing the Claim, if the Claim is not an Allowed Claim as of the Effective Date; (c) as otherwise agreed in writing by the Creditor holding the Allowed Administrative Expense Claim and the Debtors; or (d) as otherwise ordered by the Bankruptcy Court. Allowed Administrative Expense Claims are unimpaired pursuant to the Plan and votes to accept or

-4-

4228311v1/22420-0006

Case 2:13-bk-10332-BMW    Doc 630-6    Filed 05/27/14    Entered 05/27/14 19:37:56
Desc Exhibit F (Plan Funding Term Sheet)    Page 4 of 13

| | |
|---|---|
| | reject the Plan will not be solicited from Creditors holding Allowed Administrative Expense Claims. |
| **Vendor Administrative Claims:** | The post-petition expenses owed to Vendors will be paid as they are incurred in the ordinary course of business. Any amounts outstanding as of the Effective Date will be paid in full on the later of the Effective Date, or in the ordinary course of the Debtors' business. Vendor Administrative Claims are unimpaired pursuant to the Plan and votes to accept or reject the Plan will not be solicited from Creditors holding Vendor Administrative Claims. |
| **U.S. Trustee Fees:** | All fees payable pursuant to section 1930 of Title 28 of the United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid within ten (10) Business Days after the Effective Date, or as due in the normal course of billing and payment. The Reorganized Debtors shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6). The Reorganized Debtors shall file with the Bankruptcy Court, and serve on the United States Trustee, a quarterly financial report for each quarter (or portion thereof) that the cases remain open in a format prescribed by the United States Trustee and provided to the Debtor by the United States Trustee, and shall pay such quarterly fees as become due for each quarter post-confirmation that the cases remain open. No motion or application is required to fix fees payable to the Clerks' Office or the Office of the United States Trustee, as those fees are determined by statute. |
| **Professional Fee Claims:** | The Bankruptcy Court must approve all requests for the payment of professional compensation and expenses to the extent incurred on or before the Effective Date. Each Professional Person requesting compensation or reimbursement of expenses in the Cases pursuant to Sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than thirty (30) days after the Effective Date. Nothing herein shall prohibit each Professional Person from requesting interim compensation during the course of the Case pending Confirmation of this Plan. All fees, costs and disbursements of Professional Persons not heretofore paid through the Effective Date of the Plan, shall be paid fully and in Cash on the later of the Effective Date or within ten (10) Business Days after the entry of a Final Order allowing the Claim. |
| **Priority Tax Claims:** | Priority Tax Claims are certain pre-Petition Date |

-5-

4228311v1/22420-0006

Case 2:13-bk-10332-BMW    Doc 630-6    Filed 05/27/14    Entered 05/27/14 19:37:56
Desc Exhibit F (Plan Funding Term Sheet)    Page 5 of 13

|  |  |
|---|---|
|  | unsecured income, employment and other taxes described by Section 507(a)(8) of the Bankruptcy Code. To the extent Allowed Priority Tax Claims exist on the Effective Date, holders of Allowed Priority Tax Claims will be paid: (a) fully and in Cash on or before ten (10) Business Days after the Effective Date if the Claim is then an Allowed Claim; or (b) fully and in Cash within ten (10) Business Days after the entry of a Final Order allowing the Claim, if the Claim is not an Allowed Claim as of the Effective Date. Priority Tax Claims will be allowed in the principal amount of the tax due as of the Petition Date, with interest at the applicable statutory rate in accordance with section 511 of the Bankruptcy Code. No amounts attributable to penalties imposed or sought to be imposed by holders of Priority Tax Claims will be paid. |
| **Priority Non-Tax Claims:** | To the extent Allowed Priority Non-Tax Claims exist on the Effective Date, holders of Allowed Priority Non-Tax Claims will be paid: (a) fully and in Cash on or before ten (10) Business Days after the Effective Date if the Claim is then an Allowed Claim; or (b) fully and in Cash within ten (10) Business Days after the entry of a Final Order allowing the Claim, if the Claim is not an Allowed Claim as of the Effective Date. |
| **Secured Claims:** | Holders of Allowed Class 2 Secured Claims, if any, will retain their prepetition liens in their collateral. Each Claimant holding an Allowed Class 2 Secured Claim will be placed in a separate sub-class of Class 2 for the purposes of voting on the Plan and the treatment of their respective Claims under the Plan. In the discretion of the Reorganized Debtors, Allowed Class 2 Secured Claims shall be satisfied as follows: (a) through the abandonment or transfer of the collateral to the secured creditor within ten (10) Business Days after the later of the Effective Date or the allowance of the Claim, in which case the Claimant shall have the right to assert a General Unsecured Claim paid under Class 4 or 5, as applicable, for any deficiency to the extent allowable by applicable non-bankruptcy law; or (b) any prepetition default under the applicable contract and security documents will be cured on the Effective Date and regular payments will be made to the holder of the Allowed Class 2 Secured Claim after the Effective Date in accordance with the applicable contract; or (c) the Allowed Class 2 Secured Claim will be paid in full within ten (10) Business Days after the later of |

4228311v1/22420-0006

| | |
|---|---|
| | the Effective Date or the date the Claim is Allowed, with interest from and after the Effective Date at the greater of the non-default contract rate of interest or 3.25% simple interest per annum. No default interest or other penalties will be paid to holders of Allowed Class 2 Secured Claims. |
| **Secured Tax Claims:** | Holders of Allowed Class 3 Claims will retain their liens on the Property that serves as security for repayment of Allowed Class 3 Claims. In the discretion of the Reorganized Debtors, Allowed Class 3 claims, including post-petition interest in accordance with 11 U.S.C. § 511 and A.R.S. § 42-18053, will be paid (a) in full within ten (10) Business Days after the later of the Effective Date or the date the Claim is Allowed, or (b) in full within five (5) years of the Petition Date through regular equal monthly payments of principal and interest. |
| **AWE Unsecured Claims** | Holders of Allowed Class 4 Claims may elect Option A or Option B below for the payment of their Allowed Class 4 Claim: |
| | **Option A:** In full and final satisfaction of its Allowed Class 4 Claim, the holder will be paid a lump sum cash payment equal to 20% of its Allowed Class 4 Claim on the later of (i) ten (10) Business Days after the Effective Date, if the Claim is then an Allowed Claim; or (ii) ten (10) Business Days after the entry of a Final Order allowing the Claim, if the Claim is not an Allowed Claim as of the Effective Date. |
| | **Option B:** Allowed Class 4 Claims will accrue interest from and after the Effective Date at the rate of 2% per annum simple interest. In full and final satisfaction of its Allowed Class 4 Claim, the holder will be paid the full amount of its Allowed Class 4 Claim in five annual partial distributions beginning on the first anniversary of the Effective Date as follows: on the first anniversary of the Effective Date, 5% of the Allowed Class 4 Claim, plus accrued interest, shall be paid; on the second anniversary of the Effective Date, 10% of the Allowed Class 4 Claim, plus accrued interest, shall be paid; on the third anniversary of the Effective Date, 20% of the Allowed Class 4 Claim, plus accrued interest, shall be paid; on the fourth anniversary of the Effective Date, 30% of the Allowed Class 4 Claim, plus accrued interest, shall be paid; and on the fifth anniversary of the Effective Date, 35% of Allowed Class 4 Claim, plus accrued interest, shall be paid. In each case, the distribution shall be made on the later of the distribution date or the date that is 10 Business Days after the entry of a Final Order allowing the Claim. |

-7-
4228311v1/22420-0006

Case 2:13-bk-10332-BMW    Doc 630-6    Filed 05/27/14    Entered 05/27/14 19:37:56
Desc Exhibit F (Plan Funding Term Sheet)    Page 7 of 13

| | |
|---|---|
| **TechFiber Unsecured Claims** | Holders of Allowed Class 5 Claims may elect Option A or Option B below for the payment of their Allowed Class 5 Claim: |
| | **Option A:** In full and final satisfaction of its Allowed Class 5 Claim, the holder will be paid a lump sum cash payment equal to 20% of its Allowed Class 5 Claim on the later of (i) ten (10) Business Days after the Effective Date, if the Claim is then an Allowed Claim; or (ii) ten (10) Business Days after the entry of a Final Order allowing the Claim, if the Claim is not an Allowed Claim as of the Effective Date. |
| | **Option B:** Allowed Class 5 Claims will accrue interest from and after the Effective Date at the rate of 2% per annum simple interest. In full and final satisfaction of its Allowed Class 5 Claim, the holder will be paid the full amount of its Allowed Class 5 Claim in five annual partial distributions beginning on the first anniversary of the Effective Date as follows: on the first anniversary of the Effective Date, 5% of the Allowed Class 5 Claim, plus accrued interest, shall be paid; on the second anniversary of the Effective Date, 10% of the Allowed Class 5 Claim, plus accrued interest, shall be paid; on the third anniversary of the Effective Date, 20% of the Allowed Class 5 Claim, plus accrued interest, shall be paid; on the fourth anniversary of the Effective Date, 30% of the Allowed Class 5 Claim, plus accrued interest, shall be paid; and on the fifth anniversary of the Effective Date, 35% of Allowed Class 5 Claim, plus accrued interest, shall be paid. In each case, the distribution shall be made on the later of the distribution date or the date that is 10 Business Days after the entry of a Final Order allowing the Claim. |
| **AWE Equity Interest in TechFiber:** | ArmorWorks shall retain its Member Equity Interest in TechFiber, as reorganized under the Plan. |
| **Equity Interest in AWE** | The Member Equity Interests in ArmorWorks shall be extinguished under the Plan on the Effective Date. |
| | On the Effective Date, in exchange for the cash and other consideration provided by Investor, Investor shall receive 100% of the member interests in the Reorganized AWE. |
| **Subsidiary General Unsecured Claims** | All Class 8 Claims shall be deemed settled and compromised on the Effective Date on account of the benefits the Subsidiaries will realize as a result of the reorganization of ArmorWorks pursuant to the terms of the Plan. |
| **BAR DATES:** | |
| **Administrative Claims Bar Date** | Requests for payment of administrative priority claims, other than DIP Facility claims, Vendor Administrative Claims and |

-8-

4228311v1/22420-0006

Case 2:13-bk-10332-BMW    Doc 630-6    Filed 05/27/14    Entered 05/27/14 19:37:56
Desc Exhibit F (Plan Funding Term Sheet)    Page 8 of 13

| | Professional Fee Claims must be filed and served no later than 30 days after the Effective Date. |
|---|---|
| **Professional Fee Claims Bar Date** | Applications for allowance of final compensation and reimbursement of expenses must be filed and served no later than 30 days after the Effective Date. |
| **REORGANIZED AWE:** | On the Effective Date, Reorganized AWE shall be capitalized with (i) all of the assets of AWE and (ii) the Plan Contributions, in accordance with the terms of the AWI Documents and any other Definitive Documents. |
| **MANAGEMENT OF THE REORGANIZED DEBTORS:** | At the conclusion of the Corporate Restructuring Transactions, the sole member of Reorganized AWE will be AWI. |
| | Reorganized AWE's managers shall initially be: (i) William J. Perciballi; and (ii) one or more persons appointed by Investor. |
| | Reorganized AWE shall be the sole member of reorganized TechFiber. |
| **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** | Executory contracts and unexpired leases shall be assumed or rejected pursuant to schedules to be attached to the Plan. |
| **C SQUARED SETTLEMENT:** | All claims by and between the Debtors, AWI, or Perciballi, and any or all of their respective affiliates, members, investors, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them, including Investor, its affiliates, members, investors, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with it, on the one hand, and C Squared, and any or all of its affiliates, members, investors, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with it, shall be fully and finally settled and released pursuant to the terms of the Plan and the C Squared Settlement. |
| **CONDITIONS TO THE EFFECTIVE DATE:** | The Effective Date shall not occur until the following conditions have been satisfied or waived: |
| | • The Confirmation Order in form and substance acceptable to the Plan Proponents and the Investor shall have become a Final Order, except that the Plan Proponents reserve the right to cause the Effective Date to occur notwithstanding the pendency of an appeal of the Confirmation Order. This condition precedent may be waived only by unanimous agreement of the Plan Proponents and the Investor. |

-9-

422831lv1/22420-0006

Case 2:13-bk-10332-BMW    Doc 630-6    Filed 05/27/14    Entered 05/27/14 19:37:56
Desc Exhibit F (Plan Funding Term Sheet)    Page 9 of 13

- The Plan and all documents necessary to implement the Plan shall be in form and substance reasonably satisfactory to the Plan Proponents and the Investor, and shall have been executed and delivered to the applicable parties. This condition precedent may be waived only by unanimous agreement of the Plan Proponents and the Investor.
- AWE shall have unconditionally and irrevocably received the Plan Contributions from Investor, AWI and Perciballi in accordance with Article 8.2 of the Plan. This condition precedent may be waived only by unanimous agreement of the Plan Proponents and Investor.
- Written acknowledgement by the C Squared Parties that they have received the C Squared Settlement Amount is a condition precedent to the effectiveness of the Plan. The foregoing condition precedent is waiveable only with the express prior written consent of the C Squared Parties. Despite any provision of the Bankruptcy Code to the contrary, including but not limited to § 1127, the Plan Proponents affirmatively waive the right to modify the Plan to remove, edit or modify this condition precedent. Notwithstanding the foregoing, in the event that the Bankruptcy Court authorizes the removal, edit or modification of this condition precedent without the C Squared Parties' prior written consent, the Plan Proponents acknowledge and agree that the removal, edit or modification of this condition precedent without the C Squared Parties' written consent would constitute a material modification of the Plan mandating an amended disclosure statement and re-balloting of the Plan.

**DISSOLUTION OF THE CREDITORS' COMMITTEE:** On the Effective Date, the official committee of unsecured creditors appointed in the Bankruptcy Cases shall automatically dissolve.

**MISCELLANEOUS PLAN PROVISIONS:** The Plan shall contain such other terms and conditions as are customary and appropriate given the nature of the Debtors' proposed restructuring in accordance with this Plan Funding Term Sheet.

**TERMINATION RIGHTS:** Investor may terminate this Plan Funding Term Sheet if:

- The Definitive Documents for the restructuring contemplated by this Plan Funding Term Sheet, including but not limited to the AWI Documents,

-10-

4228311v1/22420-0006

Case 2:13-bk-10332-BMW   Doc 630-6   Filed 05/27/14   Entered 05/27/14 19:37:56
Desc Exhibit F (Plan Funding Term Sheet)   Page 10 of 13

> have not been executed by June 16, 2014.
> - the Debtors fail to comply with any Chapter 11 Plan Milestone;
> - A material adverse change (as defined above) to the Debtors' business shall have occurred; or
> - AWI otherwise fails to satisfy any of the closing conditions of the Purchase Agreement.

AWI may terminate this Plan Funding Term Sheet if:

> - The Definitive Documents for the restructuring contemplated by this Plan Funding Term Sheet, including but not limited to the AWI Documents, have not been executed by June 16, 2014; or
> - Debtors or Investor fail to comply with any material term of this Plan Funding Term Sheet.

Debtors may terminate this Plan Funding Term Sheet if:

> - The Definitive Documents for the restructuring contemplated by this Plan Funding Term Sheet, including but not limited to the AWI Documents, have not been executed by June 16, 2014; or
> - Investor or AWI fail to comply with any material term of this Plan Funding Term Sheet.

[Signature page(s) follow.]

-11-
4228311v1/22420-0006

Case 2:13-bk-10332-BMW   Doc 630-6   Filed 05/27/14   Entered 05/27/14 19:37:56
Desc Exhibit F (Plan Funding Term Sheet)   Page 11 of 13

IN WITNESS WHEREOF, each of the parties has caused this Commitment to be executed effective the date first set forth above.

**ARMORWORKS ENTERPRISES, LLC,**
an Arizona limited liability company

By: _/s/ W. Perciballi_
Name: William J. Perciballi
Its: Authorized Representative

**TECHFIBER, LLC**, a Delaware limited liability company

By: ARMORWORKS ENTERPRISES, LLC,
an Arizona limited liability company

By: _/s/ W. Perciballi_
Name: William J. Perciballi
Its: Authorized Representative

**ARMORWORKS, INC.**, an Arizona corporation

By: _/s/ W. Perciballi_
Name: William J. Perciballi
Its: Authorized Representative

_/s/ W. Perciballi_
William J. Perciballi

**DIVERSIS CAPITAL, LLC**, a _____
limited liability company

By: _____
Name:
Its:

-12-

4228311v1/22420-0006

Case 2:13-bk-10332-BMW   Doc 630-6   Filed 05/27/14   Entered 05/27/14 19:37:56
Desc Exhibit F (Plan Funding Term Sheet)   Page 12 of 13

IN WITNESS WHEREOF, each of the parties has caused this Plan Funding Term Sheet to be executed effective the date first set forth above.

**ARMORWORKS ENTERPRISES, LLC,**
an Arizona limited liability company
Debtor and Debtor-in-Possession

By: _____
Name: William J. Perciballi
Its: Manager

**TECHFIBER, LLC**, a Delaware limited liability company
Debtor and Debtor-in-Possession

By: ARMORWORKS ENTERPRISES, LLC,
an Arizona limited liability company

By: _____
Name: William J. Perciballi
Its: Manager

**ARMORWORKS, INC.**, an Arizona corporation

By: _____
Name: William J. Perciballi
Its: President

_____
William J. Perciballi

**DIVERSIS CAPITAL, LLC**, a Delaware
limited liability company

By: _/s/ [signature]_
Name: Ron Nayot
Its: Managing Director

4211349v1/22420-0006 -12-

Case 2:13-bk-10332-BMW    Doc 630-6    Filed 05/27/14    Entered 05/27/14 19:37:56
Desc Exhibit F (Plan Funding Term Sheet)    Page 13 of 13