**FORRESTER & WORTH, PLLC**
3636 NORTH CENTRAL AVENUE, STE. 700
PHOENIX, ARIZONA 85012
TELEPHONE (602) 271-4250
FACSIMILE (602) 271-4300
S. CARY FORRESTER (006342)
E-MAIL SCF@FORRESTERANDWORTH.COM

COUNSEL FOR THE OFFICIAL JOINT
COMMITTEE OF UNSECURED CREDITORS

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| ARMORWORKS ENTERPRISES, LLC, and TECHFIBER, LLC, | Case No. 2:13-bk-10332-BMW  Case No. 2:13-bk-10333-BMW  (Jointly Administered) |
| Debtors. | **MOTION TO APPROVE SUMMARY DISCLOSURE STATEMENT** |
| This Filing Applies to:  ■ All Debtors  ☐ Specified Debtors | Date of Hearing:  TBD  Time of Hearing: TBD  Place of Hearing: TBD |

Pursuant to 11 U.S.C. § 1125(b) and Rule 3017, Federal Rules of Bankruptcy Procedure, the Official Joint Committee of Unsecured Creditors (the "**Committee**") moves the Court for the entry of an order approving the summary form of disclosure statement and notice of balloting requirements attached hereto as Exhibit "A" (the "**Summary Disclosure Statement**"). The Summary Disclosure Statement describes all of the material changes between the *Fifth Amended Joint Plan of Reorganization dated June 17, 2014* (the

"**Old Plan**") that was proposed by the Debtors and certain insiders, and the *Sixth Amended Joint Plan of Reorganization* (the "**Committee Plan**") that is being proposed by the Committee. A "redline" showing all the changes between the two plans is attached hereto as Exhibit "B". The Committee submits that the Summary Disclosure Statement, taken in conjunction with the disclosure statement that was disseminated to creditors and equity holders in connection with the Old Plan, contains adequate information within the meaning of § 1125(b) and Rule 3017.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**The Old Plan**.

On June 17, 2014, the Debtors, together with 60% equity holder, ArmorWorks, Inc. ("**AWI**") and its owner, William Perciballi ("**Mr. Perciballi**", and collectively with Debtors and AWI the "**Proponents**") filed the Old Plan and the accompanying *Fifth Amended Disclosure Statement in Support of Fifth Amended Plan of Reorganization* (the "**Old Disclosure Statement**") [DE 654 and 655]. The Court conditionally approved the Old Disclosure Statement on June 18, 2014 [DE 659] and finally approved it on July 24, 2014 [DE 709]. On June 20, 2014, the solicitation package, including the Old Plan and Old Disclosure Statement, were mailed to all creditors and interested parties [DE 667].

After the balloting was completed and an initial plan confirmation hearing was concluded on June 24, 2014, negotiations between the Proponents and the plan funding source, Diversis Capital, LLC ("**Diversis**"), collapsed. Under the Old Plan, Diversis was to have purchased 100% of the equity in ArmorWorks Enterprises, LLC ("**AWE**") for $3 million. That $3 million was to have been the principal funding for

the Old Plan. Because the negotiations collapsed, the Old Plan was never confirmed and Diversis never purchased AWE.

**The New Committee Plan**.

The Committee has now proposed a new plan that will also be funded by Diversis. The terms of the Committee's Plan are set forth in Exhibit "B" and are very similar to the Old Plan, with the following material differences:

1. **Increased Funding**. Under the Committee Plan, Diversis will pay $4.1 million for the purchase of 100% of the equity interests in AWE, rather than the $3.0 million it agreed to pay under the Old Plan.

2. **Increased or Accelerated Payments to General Unsecured Creditors**. Under the Committee Plan, each general unsecured creditor in Classes 4 and 5 will have the option of (a) receiving a cash payment within ten days after the Effective Date equal to 35% of its allowed claim, rather than the 30% that was to have been paid under the Old Plan, or (b) receiving payment in full over five years, with an initial payment of 5% within 90 days after the Effective Date, rather than on the first anniversary of the Effective Date as provided in the Old Plan.

3. **Change in Management**. Under the Old Plan, the Debtors' management would have remained largely unchanged, although Diversis would have exercised ultimate control over the Debtors' affairs by virtue of its majority ownership position. Under the Committee Plan, Mr. Perciballi will no longer play a role in management, and Diversis will bring Joe Poister, Steve Kliff, Tom Short, Zvi Lerner, and Rich Weatherford into senior

management. A brief biographical sketch of each of these individuals is provided in the Summary Disclosure Statement.

4. **No Special Payments to or Releases from Insiders of the Debtors**. Under the Old Plan, AWI and Mr. Perciballi were to have received $1.3 million in exchange for, among other things, the mutual release of all claims by and against the Debtors and their estates. Similarly, C Squared Capital Partners, LLC, Anchor Management, LLC, and certain related parties were to have received $1.1 million in exchange for, among other things, the mutual release of all claims by and against the Debtors and their estates. No such payments or releases will be provided under the Committee Plan.

5. **Revised Exculpation Provision**. The exculpation provision set forth in Article 14.15 of the Old Plan will be replaced with a new exculpation provision, which is recited *verbatim* in the Summary Plan.

**The Summary Disclosure Statement Contains Adequate Information.**

In order to approve the Summary Disclosure Statement, the Court must conclude that it contains adequate information within the meaning of 11 U.S.C. § 1125(a)(1):

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the

> holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

The determination of whether the Summary Disclosure Statement contains adequate information is largely within the discretion of the Court. *Menard-Sanford v. Mabey (In re A.H. Robins Co.)*, 880 F.2d 694 (4th Cir. 1989); cited with approval, *Burns v. MacGibbon (In re MacGibbon)*, 2006 Bankr. LEXIS 4875 (9th BAP, 2006).

In this case, the Old Disclosure Statement has already been approved by the Court and distributed to creditors. It was included in the solicitation package that was mailed to all creditors and equity holders approximately four months ago, in connection with the solicitation of acceptances for the Old Plan. As evidenced by Exhibit "B", the Committee Plan contains very few material changes to the Old Plan, all of which are highlighted in the Summary Disclosure Statement. The Committee submits that the Summary Disclosure Statement will be easier for creditors to read and digest than a more traditional disclosure statement which, in this case, would be at least 65 pages long and would contain pages and pages of boilerplate in legalese. The Summary Disclosure Statement, on the other hand, focuses on the material differences between the Committee Plan and the Old Plan, which creditors have already reviewed and voted on. It tells them exactly what they need to know in a concise and readable form. Accordingly, it should be approved.

**Notice of Balloting Requirements**.

The Summary Disclosure Statement also provides creditors and equity holders with instructions on: (1) how to complete and return their ballots and the deadline for doing so; (2) how to elect their payment option,

if they are general unsecured creditors; (3) how and when to object to the Committee Plan, if they wish to do so; and (4) the date and time of the confirmation hearing. The form of ballot will be filed prior to the hearing on this motion, and will be substantially similar to the one used for voting on the Old Plan. The ballot will be distributed to all creditors and equity holders together with the Summary Disclosure Statement, the Committee Plan, and the order approving the Summary Disclosure Statement (collectively, the "**Solicitation Package**"), not less than 28 days prior to the hearing on plan confirmation, as required by Bankruptcy Rules 2002(b) and (d) and 3017.

**Conclusion**.

For all the reasons set forth above, the Committee requests that the Court approve the Summary Disclosure Statement as containing adequate information within the meaning of 11 U.S.C. § 1125(a)(1), set a date and time for the confirmation hearing, and authorize the Committee to mail the Solicitation Package to all creditors and interested parties.

Dated November 3, 2014

FORRESTER & WORTH, PLLC

/s/ SCF (006342)
S. Cary Forrester
Counsel for the Official Joint Committee of
Unsecured Creditors

Copy e-mailed or mailed November 3, 2014
to the following parties:

Emily G. Gildar
Andrew Hardenbrook
Steven D. Jerome
Evans O'Brien
Jill H. Perrella
Benjamin W. Reeves
SNELL & WILMER LLP
One Arizona Center
400 E Van Buren
Phoenix AZ 85004
egildar@swlaw.com
ahardenbrook@swlaw.com
sjerome@swlaw.com
eobrien@swlaw.com
jperrella@swlaw.com
breeves@swlaw.com
*Attorneys for Anchor Management LLC, C Squared Capital Partners*

Todd A. Burgess
Tyler Carrell
John R. Clemency
Janel M. Glynn
Lindsi M. Weber
GALLAGHER & KENNEDY, PA
2575 E Camelback Rd
Phoenix, AZ 85016
Todd.burgess@gknet.com
Tyler.carrell@gknet.com
John.clemency@gknet.com
Janel.glynn@gknet.com
Lindsi.weber@gknet.com
*Attorneys for Debtors*

Jennifer A. Giaimo
Renee Sandler Shamblin
US TRUSTEE'S OFFICE
230 N 1st Ave, Suite 204
Phoenix AZ 84003
Jennifer.a.giaimo@usdoj.gov
Renee.s.shamblin@usdoj.gov

James. B. Ball
POLI & BALL PLC
2999 N 44th Street, Suite 500
Phoenix, AZ 85018
ball@poliball.com
*Attorneys for Armorworks, Inc.*

David W. Cranshaw
MORRIS MANNING & MARTIN LLP
3343 Peachtree Rd, NE
1600 Atlanta Financial Center
Atlanta GA 30326
*Attorneys for Aptean*

Elizabeth K. Flaagan
FAEGRE BAKER DANIELS LLP
1700 Lincoln Street, Suite 3200
Denver CO 80203
Elizabeth.flaagan@faegrebd.com
*Attorneys for CoorsTek, Inc.*

Lori A. Lewis
MARICOPA COUNTY ATTORNEY'S OFFICE
Civil Services Division
222 N Central Ave, Suite 1100
Phoenix AZ 85004-2226
Lewisl01@mcao.maricopa.gov
*Attorneys for Maricopa County Treasurer*

Joseph E. Cotterman
ANDANTE LAW GROUP OF DANIEL GARRISON
4110 N Scottsdale Rd, Suite 330
Scottsdale AZ 85251
joe@andantelaw.com
*Attorneys for North 54th Street Venture, LLC*

Carolyn R. Tatkin
Travis S. Williams
THE FRUTKIN LAW FIRM PLC
101 N 1st Ave, Suite 2410
Phoenix AZ 85003
tatkin@frutinlaw.com
Williams@frutkinlaw.com
*Attorneys for Travis S. Williams Novellus Systems, Inc. c/o Lam Research*

Warren J. Stapleton
OSBORN MALEDON PA
2929 N Central Ave, 21st Floor
Phoenix AZ 85012-2793
wstapleton@omlaw.com
*Attorneys for Blue Cross Blue Shield of Arizona*

Susan Boswell
Lori Winkelman
QUARLES & BRADY LLP
1 S Church Ave, Suite 1700
Tucson AZ 85701-1621
Susan.boswell@quarles.com
*Attorneys for Armorworks, Inc.*

Gerald L. Shelley
FENNEMORE CRAIG PC
2394 E Camelback Rd, Suite 600
Phoenix AZ 85016-3429
gshelley@fclaw.com

D. Lamar Hawkins
Heather Ann Macre
AIKEN SCHENK HAWKINS & RICCIARDI PC
2390 E Camelback Rd, Suite 400
Phoenix AZ 85016-3479
dlh@ashrlaw.com
ham@ashrlaw.com
*Attorneys for MS Guadalupe LLC*

James E Cross
CROSS LAW FIRM PLC
1850 N Central Ave, Suite 1150
Phoenix AZ 85004
jcross@crossbcs.com
*Attorney for Robert Dick et all*

Philip R. Rudd
Phillip Guttilla
POLSINELLI PC
1 E Washington, Suite 1200
Phoenix AZ 85004
prudd@polsinelli.com
*Attorneys for Tyr Tactical, LLC*

Nancy Kalafa Swift
BUCHALTER NEMER
16435 N Scottsdale Rd, Suite 440
Scottsdale AZ 85254-1754
nswift@buchalter.com
*Attorneys for Oracle America, Inc.*

Denise Ann Faulk
US ATTORNEY
United States Courthouse
405 W Congress St, Suite 4800
Tucson AZ 85701
Denise.faulk@usdoj.gov
*Attorneys for United States*

Alan A. Meda, Esq.
Andrew Abraham, Esq.
BURCH & CRACCHIOLO PA
702 E Osborn Rd, Suite 200
Phoenix, Az 85014
ameda@bcattorneys.com
aabraham@bcattorneys.com
*Attorneys for Lancelot Armor LLC*

April J. Villarreal Theis
OFFICE OF THE ATTORNEY GENERAL
1275 W. Washington
Phoenix AZ 85007-2926
April.theis@azag.gov
*Attorneys for Arizona Department of Revenue*

Brad_Terry@azb.uscourts.gov


/s/ Shawna K. Hayes
Shawna K. Hayes

EXHIBIT "A"

**FORRESTER & WORTH, PLLC**
3636 NORTH CENTRAL AVENUE, STE. 700
PHOENIX, ARIZONA 85012
TELEPHONE (602) 271-4250
FACSIMILE (602) 271-4300
S. CARY FORRESTER (006342)
E-MAIL SCF@FORRESTERANDWORTH.COM

COUNSEL FOR THE OFFICIAL JOINT
COMMITTEE OF UNSECURED CREDITORS

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>ARMORWORKS ENTERPRISES, LLC,<br>and<br>TECHFIBER, LLC,<br><br>                Debtors. | Chapter 11<br><br>Case No. 2:13-bk-10332-BMW<br>Case No. 2:13-bk-10333-BMW<br>(Jointly Administered)<br><br>**NOTICE OF: (1) AMENDMENTS TO PLAN AND DISCLOSURE STATEMENT; (2) OPPORTUNITY TO VOTE; (3) OPPORTUNITY TO OBJECT TO CONFIRMATION; AND (4) OPPORTUNITY TO ELECT PAYMENT OPTION** |
| This Filing Applies to:<br>   ■   All Debtors<br>   ❒   Specified Debtors | Date of Hearing: _____, 2014<br>Time of Hearing: _____ __.m.<br>Place of Hearing: Ctrm. No. 301, Phoenix |

In late June of 2014, you received a package from the Debtors containing: (A) a copy of the *Fifth Amended Joint Plan of Reorganization dated June 17, 2014* (the "**Old Plan**"); (B) a copy of the *Fifth Amended Disclosure Statement in Support of Fifth Amended Joint Plan of Reorganization*; (C) a copy of the Court's *Order Conditionally Approving Disclosure Statement; Fixing Time for Accepting or Rejecting the Plan; Setting Combined Hearings on Disclosure Statement and Plan Confirmation; and Setting Related Deadlines*; and

1

(D) an Official Ballot. You were asked to review these materials and vote on the Old Plan by completing the Official Ballot and returning it to the Debtors.

After the balloting was completed and an initial plan confirmation hearing was conducted, negotiations between the Plan Proponents and Diversis Capital, LLC ("**Diversis**") collapsed. Under the Old Plan, Diversis was to have purchased 100% of the equity in ArmorWorks Enterprises, LLC ("**AWE**") for $3 million. That $3 million was to have been the principal source of funding for the Old Plan. Because the negotiations collapsed, the Old Plan was never confirmed and Diversis never purchased AWE.

The Official Joint Committee of Unsecured Creditors (the "**Creditors Committee**") has now filed a Sixth Amended Joint Plan of Reorganization (the "**Committee Plan**"). This Notice: (1) is being provided to you to explain the material differences between the Old Plan and the Committee Plan; (2) asks you to vote on the Committee Plan; (3) gives you an opportunity to object to confirmation of the Committee Plan; and (4) asks each general unsecured creditor in Classes 4 and 5 to elect between (x) receiving an upfront payment equal to 35% of its allowed claim in full satisfaction of its claim, or alternatively, (y) being paid in full over a period of five years with the first payment of 5% of its allowed claim to be paid within 90 days after the Effective Date of the Committee Plan.

The following is a summary of the material changes to the Old Plan:

1.    **Increased Funding**. Funding for the Old Plan was to have been in the form of a cash payment by Diversis in the amount of $3 million, for which it would have received 100% of the equity ownership of AWE. Funding for the Committee Plan will be in the form of a cash payment by Diversis in the amount of $4.1 million, in return for which it will receive 100% of the equity ownership of AWE. Diversis has also obtained a commitment for a revolving line of credit and a term loan in the total amount of $11.5 million, with an interest rate of LIBOR plus 4.5% on the revolver, and 5.5% on the term loan, for an overall blended rate below 5%. The revolver and the term

loan will be a source of additional operating capital for AWE and its subsidiaries on a go-forward basis, and will be secured by inventory, accounts receivable and equipment.

    2.    **Increased or Accelerated Payments to General Unsecured Creditors**. Under the Old Plan, each general unsecured creditor in Classes 4 and 5 was given the option of (a) receiving a cash payment within ten days after the effective date in an amount equal to <u>30%</u> of its allowed claim in full satisfaction of its allowed claim, or (b) receiving payment in full over five years, with an initial payment of 5% of the allowed claim amount at the <u>end of the first year</u>. Under the Committee Plan, each general unsecured creditor in Classes 4 and 5 will have the option of (a) receiving a cash payment within ten days after the effective date in an amount equal to <u>35%</u> of its allowed claim, or (b) receiving payment in full over five years, with an initial payment of 5% of the allowed claim amount within <u>90 days after the effective date</u>.

    3.    **Change in Management**. Under the Old Plan, the Debtors' management would have remained largely unchanged, although Diversis would have exercised ultimate control over the Debtors' affairs by virtue of its majority ownership position. William Perciballi, the manager and founder of AWE, would have continued to play an active role in management and would have retained an indirect ownership interest in the Debtors. Under the Committee Plan, Mr. Perciballi will no longer play a role in management and will retain no ownership interest. Instead, Diversis will own 100% of AWE which, in turn, will own 100% of TechFiber, LLC. The reorganized Debtors will bring the following additional people into senior management:

    a.    <u>Joe Poister</u> will serve as Chief Operating Officer. He has more than 15 years of experience overseeing and transforming businesses in the defense, aerospace, automotive, and electronics industries. Most recently, he held a director-level operations position at Crane Aerospace and Electronics' Microwave Solution, a multi-site, multi-national company with up to $100 million in annual sales. Before that, he held a director-level position at

Power-One, a multi-national manufacturing company that produces PVI invertors for residential, industrial, and commercial markets. Before that, he was responsible for program management at Triumph, LLC, where his duties included engineering and Lean/Six Sigma management.

b. <u>Steve Kliff</u> is a turnaround specialist with 30 years of senior management experience. He recently served as CEO for a financially troubled food processing company with 850 employees, and was successful in turning it around. Before that, he served as CEO for a financially troubled metal fabrication company with 150 employees, and was also successful in turning it around.

c. <u>Tom Short</u>, who spent the last 4 years working for AWE and related companies, most recently as General Manager of Mandall Barrier Works, a wholly owned subsidiary of AWE. He also served as Director of Soldier Survivability Programs for AWE. He is a graduate of the U.S. Naval Academy, served as an officer in the Navy SEALS for seven years, and worked for ten years at Honeywell in various engineering and managerial positions.

d. <u>Zvi Lerner</u> will be in charge of international sales. He is a former Vice President for Central and Eastern Europe for SNC TEC, a defense manufacturing subsidiary of SNC-Lavalin International. SNC TEC produces an extensive line of defense products including ballistic protection products, propellants, and large and small caliber ammunition. Mr. Lerner managed the transformation of the company from a local Canadian DND supplier to an internationally-known ammunition supplier, and also oversaw the introduction of new products to the market. Before that he was Senior Vice President of the Eagle Group, the world leader in ballistic protection and personal military gear. Mr. Lerner has a degree in mechanical engineering from the Technion Institute of Technology in

Haifa, and an MBA from the University of Toronto.

e. <u>Rich Weatherford</u> is a Georgia Tech industrial engineering graduate who also holds an MBA from the Kellogg School at Northwestern and is a turnaround specialist. Rich led the Operations & Supply Chain Community of Practice at the Wharton Defense conference from 2009 to 2011 and helped accelerate the adoption of Operational Excellence within the Aerospace and Defense Community.

Each of the Debtors is a manager-controlled limited liability company. The initial managers for both will be Kevin Ma and Ron Nayot, who are senior officers of Diversis and have significant turnaround and finance experience.

4. **No Special Payments to or Releases from Insiders of the Debtors**. Under the Old Plan, ArmorWorks, Inc., which holds 60% of AWE's equity interest, and William Perciballi, who owns 100% of AWI, were to receive $1.3 million, in exchange for which, among other things, they were to have released their claims against the Debtors and their estates and contributed certain intellectual property to AWE. Similarly, C Squared Capital Partners, LLC, which holds the remaining 40% of AWE's equity interests, and certain related parties including Anchor Management, LLC, was to have received $1.1 million in exchange for which, among other things, they were to have released their claims against the Debtors and their estates. No such payment or releases will be provided under the Committee Plan, and the intellectual property will not be contributed to AWE.[1]

5. **Revised Exculpation Provision**. The exculpation provision set forth in Article 14.15 of the Old Plan will be replaced, in its entirety, with the following:

---

[1] AWI and Mr. Perciballi have filed four proofs of claim, in the total amount of $6,957,767. The Committee has taken the position that two of these claims, in the total amount of $6,500,000, should be disallowed. C Squared and Anchor Capital have filed three proofs of claim in the total amount of $1,813,527. The Committee has taken no position on the allowability of these claims.

Except with respect to obligations under the Plan, the Proponent, the Debtors, the Independent Debtor Representative, Odyssey Capital Group, LLC [the entity employed by the Independent Debtor Representative], the Committee, the Investor, and their advisors, attorneys, consultants, officers, directors, and agents (the "**Exculpated Parties**") will neither have nor incur any liability to the Debtors, any holder of a Claim or Equity Security, or any other party in interest, or any of their respective shareholders, former shareholders, members, former members, agents, employees, representatives, financial advisors, attorneys, consultants, affiliates, successors or assigns (the "**Exculpating Parties**"), for any post-petition acts or omissions relating to or arising out of this Case, the administration of this Case, or the negotiation, execution, confirmation, consummation or administration of the Plan (the "**Exculpated Acts**"), other than acts of gross negligence, fraud, breach of fiduciary duty, or willful misconduct. The Exculpating Parties will have no right of action against any of the Exculpated Parties for any of the Exculpated Acts, and the Exculpated Parties are released of and from all claims or liabilities, known or unknown, arising out of or related to the Exculpated Acts. The foregoing provisions of this Article will not be deemed to limit any existing protections or immunities afforded to the Exculpated Parties under existing law.

A copy of the Committee Plan is enclosed in the materials you are receiving. If you have any questions regarding the Committee Plan, please feel free to contact counsel for the Creditors Committee, Cary Forrester, at scf@forresterandworth.com.

**Opportunity to Vote**

In order to vote on Committee Plan, you must complete and return the Ballot enclosed with this Notice by no later than midnight on November __, 2014 (the "**Voting Deadline**"). Ballots must be completed and returned to:

> S. Cary Forrester, Esq.
> 3636 North Central Avenue, Ste. 700
> Phoenix, Arizona 85012-1927
> scf@forresterandworth.com

Any Ballot that is properly completed and returned but does not indicate an acceptance or rejection of the Committee Plan will be deemed an acceptance. If a creditor casts more than one Ballot voting the same claim, the last Ballot received before the Voting Deadline will be deemed to supersede any prior Ballots. Creditors must vote all of their

claims within a particular class to accept or reject the Committee Plan and are not permitted to split their vote. A Ballot that partially rejects and partially accepts the Committee Plan will not be counted.

**The Creditors Committee recommends that you vote to accept the Committee Plan.**

### Opportunity to Make Payment Election

In order to choose between (a) receiving a cash payment within ten days after the effective date of the Committee Plan in an amount equal to 35% of the allowed claim, or (b) receiving payment in full over five years, each general unsecured creditor in Classes 4 and 5 must mark its Ballot in the space indicated and return it to counsel for the Committee in the manner set forth above. If you fail to make the election or return your Ballot, you will be deemed to have elected to receive payment in full over five years.

### Hearing on Confirmation of the Committee Plan

A hearing to consider the confirmation of the Committee Plan will be held at the United States Bankruptcy Court, 230 North First Avenue, Courtroom 301, 3rd floor, Phoenix, Arizona, at _____ __.m., on the _____ day of November, 2014.

### Opportunity to Object to Plan Confirmation

If you wish to object to confirmation of the Committee Plan, you must file a written objection that complies with the following requirements: (i) state your name and address and the nature and amount of your claim or interest; (ii) state the nature and basis of your objection; and, (iii) file your objection with the Court and serve a copy on counsel for the Committee at the addresses set forth above. Any objection must be filed and served no later than 5:00 p.m., Arizona time, five (5) court days before the confirmation hearing.

Dated: November __, 2014.

FORRESTER & WORTH, PLLC

/s/ SCF (006342)
S. Cary Forrester
Counsel for the Official Joint Committee of
Unsecured Creditors