
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| ARMORWORKS ENTERPRISES, LLC,<br>TECHFIBER, LLC, | Case No. 2:13-bk-10332-BMW<br>Case No. 2:13-bk-10333-BMW |
| Debtors. | (Jointly Administered) |
| This Filing Applies to:<br>X  Both Debtors<br>☐  Specified Debtor | ORDER CONFIRMING FIFTH AMENDED JOINT PLAN OF REORGANIZATION DATED JUNE 17, 2014 |

THIS MATTER COMES BEFORE THE COURT pursuant to the *Fifth Amended Joint Plan of Reorganization Dated June 17, 2014* [Dkt. 654] (as modified by this Order, the "**Plan**") proposed jointly by ArmorWorks Enterprises, LLC ("**ArmorWorks**"), its wholly-owned subsidiary TechFiber, LLC ("**TechFiber**" and together with ArmorWorks, the "**Debtors**"), ArmorWorks, Inc. ("**AWI**"), and William J. Perciballi ("**Perciballi**"). The Debtors, AWI, and Perciballi are sometimes referred to herein as the "**Plan Proponents**". A copy of the Plan is attached hereto as Exhibit "A" and is incorporated herein by this reference. The Plan Proponents request confirmation of the Plan pursuant to 11 U.S.C. § 1129(a) and (b). Unless otherwise stated, or the context requires a

different interpretation, capitalized terms used in this Order shall have the meanings ascribed to such terms in the Plan.

Objections to confirmation of the Plan (collectively, the "**Objections**") were filed by the Arizona Department of Revenue ("**ADOR**") [Dkt. 698], Novellus Systems, Inc. ("**Novellus**") [Dkt. 693], and North 54th Street Venture, LLC ("**North 54th St.**") [Dkt. 694]. Blue Cross Blue Shield of Arizona ("**BCBSAZ**") filed a Limited Objection to Assumption of Contract [Dkt. 689].

The Court conditionally approved the *Fifth Amended Disclosure Statement in Support of Fifth Amended Joint Plan of Reorganization* [Dkt. 655] (the "**Disclosure Statement**") pursuant to the *Order (1) Conditionally Approving Disclosure Statement; (2) Fixing Time For Accepting Or Rejecting The Plan; (3) Setting Combined Hearings On Disclosure Statement And Plan Confirmation; And (4) Setting Related Deadlines* [Dkt. 659] (the "**DS Order**") entered by the Court on June 18, 2014.

A hearings regarding confirmation of the Plan (the "**Confirmation Hearing**") was held on July 24, 2014. On November 3, 2014, the Plan Proponents filed the *Plan Proponents' Amended Non-Adverse Modifications to Fifth Amended Joint Plan of Reorganization* [Dkt. 772] (the "**Non-Adverse Modification**"), pursuant to which the Plan Proponents made certain non-adverse modifications to the Plan.

The Court having considered the Plan, the Disclosure Statement, the DS Order, the Debtors' *Memorandum Of Law In Support Of Confirmation Of Fifth Amended Joint Plan Of Reorganization* [Dkt. 700]; the *Declaration Of William Perciballi In Support Of Confirmation Of Fifth Amended Joint Plan Of Reorganization* [Dkt. 701]; the *Notice Of Filing: (I) Stipulation Resolving Arizona Department Of Revenue Objection To Confirmation Of Fifth Amended Joint Plan Of Reorganization; And (II) Supplemental Authority In Response To Remaining Plan Objections* [Dkt. 703]; the *Notice of Filing Ballot Report* [Dkt. 699]; *the Declaration of Morris C. Aaron, MCA Financial Group,*

2

*Ltd.* [Dkt. No. 773]; the *Amended Stipulation Resolving Arizona Department Of Revenue Objection To Confirmation Of Fifth Amended Joint Plan Of Reorganization* [Dkt. 770]; and the Non-Adverse Modification; based on all of the foregoing, the record of the Confirmation Hearing, all related hearings, and the entire record before the Court, pursuant to Federal Rules of Bankruptcy Procedure 2002, 3017, 3018, 3019, 7052 and 9014, and all applicable provisions of the Bankruptcy Code, with respect to the Plan,

THE COURT HEREBY FINDS AND CONCLUDES as follows:

A. The Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. § 157 (b)(2).

B. In accordance with 11 U.S.C. § 1125, the Court finds that the Disclosure Statement provides adequate information to all creditors and parties in interest with respect to the Plan.

C. All creditors entitled to vote to accept or reject the Plan received due and sufficient notice of the Disclosure Statement, Plan, and DS Order, and were afforded an opportunity to vote to accept or reject the Plan. The solicitation of the Plan complied with the Court's DS Order, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and all applicable non-bankruptcy law.

D. The ADOR objection [Dkt. 698] was resolved pursuant to the *Stipulation Resolving Arizona Department Of Revenue Objection To Confirmation Of Fifth Amended Joint Plan Of Reorganization*, as amended by the *Amended Stipulation Resolving Arizona Department Of Revenue Objection To Confirmation Of Fifth Amended Joint Plan Of Reorganization* [Dkt. 770] (together, the "**ADOR Stipulation**"), copies of which are attached hereto as Exhibits "B-1" and "B-2" and are incorporated herein as the Order of the Court.

E. The Plan is hereby modified consistent with the ADOR Stipulation, which

3

is incorporated herein by this reference.

F.   The Plan is hereby modified consistent with the Non-Adverse Modification, which is incorporated herein by this reference.

G.   Without limiting the foregoing, the Plan is further modified as follows:

(i)   Section 1.51 of the Plan is deleted in its entirety and is replaced with the following:

> "Investor shall mean ArmorWorks Holdings, Inc., a Delaware corporation."

(ii)   Section 8.2 of the Plan is deleted in its entirety and is replaced with the following:

> "8.2   Issuance of Equity Interests in Reorganized ArmorWorks and Related Transactions.   On the Effective Date: (a) in exchange for receiving 100% of the equity in the Reorganized Debtor, free and clear of all liens, claims, and interests of every kind whatsoever, Investor will contribute $3.0 million cash to ArmorWorks to fund and consummate the Plan and will deliver $1.1 million to C Squared to fund the C Squared Settlement Agreement; (b) AWI, Perciballi, Investor, and LJC Investments II, LLC ("Littlejohn") will take all actions required at closing under the *Contribution Agreement*, dated November 3, 2014, executed by AWI, Perciballi, Investor, and Littlejohn ((a) and (b) together, the "Plan Contributions"); and (c) the *Employment Agreement*, dated November 3, 2014, executed by Perciballi, Investor, and Littlejohn, and the Stockholder's Agreement, dated November 3, 2014, executed by AWI, Perciballi, and Littlejohn will be effective."

(iii)   Section 8.3 of the Plan is deleted in its entirety and is replaced with the following:

> "8.3   The Plan also may be funded from ongoing business operations and from the proceeds of the sale of assets deemed to be no longer necessary to the operations of the business. The Reorganized Debtors also may obtain a working capital line of credit to replace the DIP Facility."

(iv)   Section 8.4.1 of the Plan is deleted in its entirety and is replaced with the following:

"Except as otherwise expressly provided in this Plan, pursuant to Sections 1123(a)(5), 1123(b)(3) and 1141(b) of the Bankruptcy Code, all of the Debtors' assets shall automatically be retained and revested in the relevant Reorganized Debtor or its respective successor or designee, free and clear of all Claims, liens, contractually-imposed restrictions, charges, encumbrances and interests of creditors and equity security holders on the Effective Date, with all such Claims, liens, contractually-imposed restrictions, charges, encumbrances and interests being extinguished except as otherwise provided in this Plan. Upon the satisfaction of all Cash payments required under this Plan, any monies remaining from the Plan Contribution shall revest in the Reorganized Debtor."

(iv) Section 8.6 of the Plan is deleted in its entirety and is replaced with the following:

"Organizational Documents. Any prepetition written or oral operating agreement applicable to ArmorWorks shall be deemed terminated and of no further force or effect as of the Effective Date; and thereafter, Investor shall be entitled to file amended articles of organization for Reorganized ArmorWorks reflecting Investor's 100% member interest in Reorganized ArmorWorks."

(v) Section 8.10 of the Plan is deleted in its entirety and is replaced with the following:

"No Successor Liability. The Reorganized Debtors and Investor are not, and shall not be, successors to the Debtors by reason or any theory or law or equity, and none shall have any successor or transferee liability of any kind or character, except that the Reorganized Debtors shall assume the obligations specified in the Plan and the Confirmation Order."

(vi) Section 8.12.2 is amended to add Investor as a party being released by the AWI Parties, along with the Debtors and the Reorganized Debtors.

(vii) Section 8.13.3 is amended to add Investor as a party being released by the Debtor and the Reorganized Debtors, along with the C Squared Parties and the AWI Parties.

(viii) Schedule 8.8 to the Plan is deleted and is replaced with Schedule 8.8 attached hereto.

H. Notwithstanding Section 14.12(iv) of the Plan, any set-off rights of creditors under 11 U.S.C. § 553, which may properly be exercised by creditors in relation to the claims allowance process under the Plan, shall be and hereby are preserved.

I. The modifications of the Plan, pursuant to this Order, do not adversely affect the treatment of any Class of Claims that voted to accept the Plan. All Creditors that previously voted to accept the Plan are deemed to have accepted the Plan as modified by this Order.

J. All applicable requirements of 11 U.S.C. §§ 1129(a) and (b), with the exception of 11 U.S.C. § 1129(a)(8), have been satisfied with respect to the proposed confirmation of the Plan.

K. Investor's purchase of the equity in the Reorganized ArmorWorks, and the negotiation and execution of the transactions consummated under the Plan were undertaken in good faith and at arm's length by Investor, AWI, Perciballi, and the Debtor.

L. The Court's findings of fact and conclusions of law, as stated on the record during the Confirmation Hearing, are incorporated herein.

M. All of the Court's Findings of Fact and Conclusions of Law are made pursuant to proceedings duly noticed to all Creditors and parties in interest in the Bankruptcy Case. All Creditors and parties in interest received due and sufficient notice and an opportunity to be heard with respect to the Plan and the confirmation proceedings in compliance with the applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. All Findings of Fact made by the Court, which are more properly deemed to be Conclusions of Law, shall be deemed to be such. All Conclusions of Law, which are more properly deemed to be Findings of Fact, shall be deemed to be such.

N. Based on the foregoing Findings of Fact and Conclusions of Law, and all evidence and matters of record in the Bankruptcy Case, including the record of the Confirmation Hearing, and good cause appearing, with respect to the Plan,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The Disclosure Statement is approved on a final basis.

2. All objections to confirmation of the Plan either have been resolved by this Order or are hereby overruled.

3. The Plan, as modified by this Order, is confirmed and approved in all respects. The terms of the Plan are incorporated herein as a part of this Order. In the event of any inconsistency between the Plan and this Order, the terms of this Order shall govern. The Plan, and the compromises, settlements, releases, exculpations and injunctions contained therein, and all transactions and agreements referred to therein, contemplated thereunder, or executed in connection therewith, are approved; and the Debtors are authorized to act in accordance with the terms of the Plan and this Order.

4. In addition to any Executory Contracts and Unexpired Leases assumed or rejected by the Debtors during the Bankruptcy Case by order of the Court, the Executory Contracts and Unexpired Leases on Schedule 9.1, attached hereto, shall be assumed or rejected, as indicated, pursuant to 11 U.S.C. § 365.

5. The Debtors shall have until the Effective Date, and, upon motion filed prior to such deadline, the Reorganized Debtors shall have until any later date authorized by order of the Court, to file motions under section 365 of the Bankruptcy Code to assume or reject any executory contracts.

6. Pursuant to 11 U.S.C. § 1141(a), the Plan shall be binding upon the Debtors, and any holders of Claims against or Equity Interests in the Debtors or their estates, whether or not such holders are Impaired under the Plan and whether or not such holders have accepted the Plan.

7. The Debtors shall, until a final decree is entered closing the Bankruptcy Case, file all required reports and pay all quarterly fees to the United States Trustee.

8. This Court retains jurisdiction of the Bankruptcy Case pursuant to and for the purposes of 11 U.S.C. §§ 105 and 1127, and for the purposes set forth in Article 10 of the Plan, including, without limitation, jurisdiction to enforce all orders entered in the Bankruptcy Case, and to resolve any disputes arising out of the Plan.

9. All Creditors and holders of Equity Interests, and all other persons or entities whose debts, obligations, liabilities, claims, rights, or interests are treated under the Plan and this Order are each permanently enjoined and restrained from instituting or continuing any action or employing any process against the Debtors, their Estate, or their Property to collect such debts or to pursue such interests as liabilities or obligations of the Debtors, or any successor of the Debtors, except in a manner consistent with this Order and the Plan.

10. Written acknowledgement by the C Squared Parties that they have received the Settlement Amount is a condition precedent to the Plan becoming effective and the occurrence of the Effective Date.

11. The Debtors shall provide all Creditors and parties in interest with notice of the entry of this Order, notice of the occurrence of the Effective Date, and notice that any Creditor or party in interest that wishes to receive notice of post-confirmation pleadings, notices, and reports filed by the Debtors, must file a written request for post-confirmation notice in the Bankruptcy Case.

**DATED AND SIGNED ABOVE.**