1    8.10    No Successor Liability.  The Reorganized Debtors and AWI are not, and

2    shall not be, successors to the Debtors by reason of any theory of law or equity, and none

3    shall have any successor or transferee liability of any kind or character, except that the

4    Reorganized Debtors shall assume the obligations specified in the Plan and the

5    Confirmation Order.

6    8.11    Effectuating Documents; Further Transactions.  The Reorganized Debtors

7    or their designees, as applicable, shall be authorized to (a) execute, deliver, file or record

8    such contracts, instruments, releases and other agreements or documents and take such

9    actions as may be necessary or appropriate to effectuate and implement the provisions of

10    the Plan and (b) certify or attest to any of the foregoing actions.

11    8.12    **Mutual Releases Relating to the C Squared Settlement.**

12         8.12.1    **[DELETED].**

13         8.12.2    **The AWI Parties unconditionally and forever release and**

14    **discharge the Debtors and the Reorganized Debtors, and/or any and/or all of**

15    **their affiliates, members, investors, officers, directors, agents, servants,**

16    **employees, attorneys, and persons in active concert or participation with**

17    **them, in each case, from all disputes, controversies, suits, actions, causes of**

18    **action, Claims, other claims, assessments, demands, expenses, debts, sums of**

19    **money, damages, judgments, liabilities, liens and obligations of any kind**

20    **whatsoever, upon any legal or equitable theory (whether contractual,**

21    **common law, statutory, federal, state, local or otherwise), whether known or**

22    **unknown, that the AWI Parties ever had, now have or hereafter can, shall or**

23    **may have from the beginning of time, by reason of any matter, cause or thing**

24    **whatsoever, relating to the AWI Parties' investment in and relationship with**

25    **the Debtors from the beginning of time until the Effective Date; provided,**

26    **however, that such release and discharge shall not be construed to prevent or**

preclude the AWI Parties from enforcing the rights and remedies afforded to them under the terms of the Plan or the C Squared Settlement.

8.12.3    The Debtors and the Reorganized Debtors unconditionally and forever release and discharge each of the C Squared Parties and the AWI Parties, and/or any and/or all of their affiliates, members, investors, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them, in each case, from all disputes, controversies, suits, actions, causes of action, Claims, other claims, assessments, demands, expenses, debts, sums of money, damages, judgments, liabilities, liens and obligations of any kind whatsoever, upon any legal or equitable theory (whether contractual, common law, statutory, federal, state, local or otherwise), whether known or unknown, that the Debtors or Reorganized Debtors ever had, now have or hereafter can, shall or may have from the beginning of time, by reason of any matter, cause or thing whatsoever, relating to the such parties' investment in and relationship with the Debtors from the beginning of time until the Effective Date.

8.12.4    Notwithstanding the injunctions and releases in this Plan and the Confirmation Order, nothing contained in this Plan, the Confirmation Order or any other document filed in these bankruptcy proceedings shall limit or release the Debtors', the Reorganized Debtors', the AWI Parties' or the C Squared Parties' obligations under this Plan, the Confirmation Order or the C Squared Settlement, as applicable.

## ARTICLE 9.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

9.1    <u>Treatment of Executory Contracts and Unexpired Leases.</u>

9.1.1    The Plan contemplates and hereby provides for the assumption and/or assignment, as of the Effective Date, pursuant to Section 365 of the

Bankruptcy Code, of any and all Executory Contracts and Unexpired Leases of the Debtors which are in force on the Effective Date, except (i) those Executory Contracts and Unexpired Leases which are specifically rejected pursuant to an order of the Bankruptcy Court prior to the Effective Date, and (ii) those Executory Contracts and Unexpired Leases listed on the Schedule of Rejected Contracts attached hereto (or on any amendment to the Schedule of Rejected Contracts filed on or before the Confirmation Date). The Debtors will reject the License Agreement between ArmorWorks and Perciballi for the licensing of certain intellectual property held or controlled by Perciballi. Pursuant to the transaction between the Investor and Perciballi and AWI, the intellectual property which is subject to the license will be contributed by Perciballi to ArmorWorks. Perciballi will not assert any claim against the Debtors for rejection of the license agreement. The Debtors, with the consent of the Plan Proponents, shall have the right, at any time prior to the Confirmation Date, to amend the Contract Schedules to provide for the assumption or rejection of an Executory Contract or Unexpired Lease pursuant to this Section 9.1.1.

9.1.2 The Confirmation Order (except as otherwise provided therein) shall constitute an order of the Bankruptcy Court pursuant to Section 365 of the Bankruptcy Code, effective as of the Effective Date, approving the assumptions, assignments and rejections hereunder. Each contract and lease assumed and/or assigned pursuant to Section 9.1.1 shall be assumed and/or assigned only to the extent that any such contract or lease constitutes an Executory Contract or Unexpired Lease. Assumption and/or assignment of a contract or lease pursuant to Section 9.1.1 shall not constitute an admission by the Debtors or the Reorganized Debtors, as applicable, that such contract or lease is an Executory Contract or Unexpired Lease or that the Debtors or the Reorganized Debtors, as

applicable, have any liability thereunder.  All Executory Contracts and Unexpired Leases that are assumed and/or assigned will be assumed and/or assigned under their present terms or upon such terms as are agreed to in writing between the applicable Debtor and the counterparty to such contract or lease, with the consent of the Plan Proponents.

9.2    Cure of Defaults for Assumed Contracts and Leases.  The Schedule of Assumed Contracts will identify, with respect to each Executory Contract and Unexpired Lease to be assumed and/or assigned, the relevant Cure Amount for each Executory Contract or Unexpired Lease.  The Debtors will serve the Schedule of Assumed Contracts on the non-Debtor counterparties to each such Executory Contract or Unexpired Lease prior to the Confirmation Hearing.  Each such counterparty shall have until the earlier of: (a) the date that is five (5) Business Days prior to the Confirmation Hearing; or (b) thirty (30) days from the date of service of the Schedule of Assumed Contracts to file an objection to the assumption and/or assignment of their Executory Contract or Unexpired Lease (whether the objection relates to the Cure Amount or otherwise).  If any objections are filed and cannot be resolved by agreement, the Bankruptcy Court shall hold a hearing to determine the Cure Amount with respect to such Executory Contract or Unexpired Lease or to otherwise resolve the objection, which hearing may be the Confirmation Hearing.  Any party failing to object to the assumption and/or assignment of their Executory Contract or Unexpired Lease as set forth above shall be forever barred from asserting, collecting or seeking to collect from the Debtors or the Reorganized Debtors any amounts in excess of the Cure Amount or from otherwise objecting to the assumption and/or assignment of such Executory Contract or Unexpired Lease.  Notwithstanding the foregoing, or anything else in this Article 9, with respect to any Executory Contract or Unexpired Lease which is the subject of an objection, the Reorganized Debtors shall retain the right, until five (5) Business Days following any order resolving such objection

having become a Final Order, to reject such Executory Contract or Unexpired Lease by amending the Contract Schedules. Within ten (10) days of the later of the Effective Date or the date that an order of the Bankruptcy Court establishing the Cure Amount of such Executory Contract or Unexpired Lease becomes a Final Order, or as otherwise agreed with the counterparty to each Executory Contract or Unexpired Lease, the Reorganized Debtors shall pay the Cure Amounts to the non-Debtor parties to such Executory Contracts and Unexpired Leases being assumed and/or assigned.

9.3 <u>Bar Date for Claims for Rejection Damages</u>. Notwithstanding any other provision in this Plan or prior notice of any kind from the clerk of the Bankruptcy Court, any and all Creditors or persons with Claims against the Debtors' Estate arising out of or in connection with or due to the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan shall have thirty (30) days from the earlier of: (i) the Effective Date, or (ii) the entry of an order of the Bankruptcy Court rejecting such Executory Contract or Unexpired Lease, within which to file a proof of claim in the true amount of such Claim. If any such Creditor fails to file a proof of claim within said thirty (30) day period, then such Creditor shall have no Claim against the Debtors, their Estates or the Reorganized Debtors, which Claims arising out of or in connection with or due to the rejection of such Executory Contract or Unexpired Lease, shall be dismissed, released and null and void.

9.4 <u>Treatment of Rejection Claims</u>.

9.4.1 Any Person, Entity or Governmental Unit whose Claim arises from the rejection of an Executory Contract or Unexpired Lease shall, to the extent such Claim becomes an Allowed Claim, have the rights of a Claimant in Class 4 or 5, as applicable with respect thereto.

9.4.2 Any claim filed in accordance with the provisions of Article 9 hereof shall be treated as a Disputed Claim until the period of time has elapsed for filing an objection to such Claim.

9.5 <u>Executory Contracts and Unexpired Leases Entered Into and Other Obligations Incurred After the Petition Date</u>.  On the Effective Date, all contracts, leases, and other agreements entered into by any or all of the Debtors on or after the Petition Date, which agreements have not been terminated in accordance with their terms on or before the Effective Date, shall be deemed assumed and assigned to the Reorganized Debtors.

**ARTICLE 10.  RETENTION OF JURISDICTION**

10.1   Notwithstanding the entry of the Confirmation Order or the occurrence of Effective Date, the Bankruptcy Court shall retain jurisdiction over this Case and any proceedings related thereto to the fullest extent permitted by the Bankruptcy Code or applicable law, and to make such orders as are necessary or appropriate to carry out the provisions of this Plan.

10.2   In addition, the Bankruptcy Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142 of the Bankruptcy Code.   If the Bankruptcy Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtors elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority, or commission having competent jurisdiction over such matters.

10.3   Without limiting the foregoing, the Bankruptcy Court shall retain jurisdiction of the Case for the following matters:

10.3.1   To enable the  Debtors to consummate any and all proceedings which may have been brought before or after the entry of the Confirmation Order, to set aside Liens or encumbrances, to challenge or object to the allowance of Claims and to recover any preferences, transfers, assets or damages to which a

Debtor may be entitled under the applicable provisions of the Code or other federal, state or local law;

10.3.2    To adjudicate all controversies concerning the classification or allowance of a Claim or Equity Security;

10.3.3    To adjudicate all disputes regarding or relating in any way to Claims, Equity Security, and the Plan;

10.3.4    To hear and determine all claims or motions arising from or seeking the assumption and/or assignment or rejection of any Executory Contracts or Unexpired Leases, and to consummate the rejection and termination thereof or with respect to any Executory Contracts or Unexpired Leases to which an application or motion for rejection or termination is filed before entry of the Confirmation Order;

10.3.5    To liquidate damages in connection with any disputed, contingent or unliquidated Claims;

10.3.6    To adjudicate all claims to a security or ownership interest in any property of the Debtors or in any proceeds thereof, including the adjudication of all claims asserted by Creditors and Holders of Equity Security;

10.3.7    To adjudicate all claims or controversies arising out of any purchases, sales, or contracts made or undertaken by the Debtors during the pendency of the Proceedings;

10.3.8    To adjudicate, determine and resolve any and all adversary proceedings, applications, motions, and contested or litigated matters, instituted before the closing of the Case;

10.3.9    To recover all Assets and properties of the Debtors, wherever located;

10.3.10    To adjudicate and determine any cause of action provided for under the Plan or pursuant to the Confirmation Order;

10.3.11    To make orders as are necessary or appropriate to carry out the provisions of the Plan, or in aid of confirmation and consummation of the Plan;

10.3.12    To hear and determine any application to modify the Plan in accordance with Section 1127 of the Bankruptcy Code, to remedy any defect or omission, or reconcile any inconsistency in the Plan, the Disclosure Statement or any Order of the Bankruptcy Court, including the Confirmation Order, in such a manner as may be necessary to carry out the purposes and effects hereof;

10.3.13    To hear and determine all matters concerning state, local and federal taxes in accordance with Sections 346, 505 and 1146 of the Bankruptcy Code;

10.3.14    To determine any and all applications, adversary proceedings, and contested or litigated matters properly before the Bankruptcy Court before or after the Confirmation Date;

10.3.15    To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of the Bankruptcy Court in the Case entered on or before the Confirmation Date; and

10.3.16    To enter an Order closing the Case.

**ARTICLE 11.  PROCEDURES FOR RESOLVING DISPUTED CLAIMS**

11.1    <u>Objections to Claims</u>.  Only the Debtors and Reorganized Debtors shall be entitled to object to Claims.  Any objections to Claims shall be served and filed on or before the later of: (i) sixty (60) days after the Effective Date; (ii) thirty (30) days after a request for payment or proof of Claim is timely filed and properly served; or (iii) such other date as may be fixed by the Bankruptcy Court, whether before or after the dates specified in subsections (i) and (ii) herein.  Notwithstanding any authority to the contrary,

an objection to a Claim shall be deemed properly served on the Creditor if service is effected in any of the following manners: (a) in accordance with Federal Rule of Civil Procedure 4, as modified and made applicable by Bankruptcy Rule 7004; (b) by first class mail, postage prepaid, on any counsel that has appeared on the Creditor's behalf in the Cases; or (c) by first class mail, postage prepaid, on the signatory on the proof of Claim or other representative identified in the proof of Claim or any attachment thereto.

11.2 <u>Payments and Distributions with Respect to Disputed Claims</u>. Notwithstanding any other provision hereof, if any portion of a Claim is a Disputed Claim, no payment or distribution provided hereunder shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim.

11.3 <u>Distributions After Allowance</u>. After such time as a Disputed Claim becomes an Allowed Claim, the Debtors shall distribute to the holder thereof the distributions, if any, to which such holder is then entitled under the Plan in accordance with the provisions hereof. In respect of Disputed Claims such distributions shall be made within fifteen (15) days after such Disputed Claims become Allowed Claims by Final Order of the Bankruptcy Court or as soon thereafter as practicable.

**ARTICLE 12. PROVISIONS CONCERNING DISTRIBUTION**

12.1 <u>Time of Distributions Under the Plan</u>. Payments and distributions to be made on or after the Effective Date pursuant to the Plan shall be made on such date, or as soon as practicable thereafter, except as otherwise provided for in the Plan, or as may be ordered by the Court, or as may be agreed to by the Debtors or Reorganized Debtors, as applicable, and the Holder of the Claim or Member Equity Interest.

12.2 <u>Payment Dates</u>. Whenever any payment or distribution to be made under the Plan shall be due on a day other than a Business Day, such payment or distribution shall instead be made, without interest, on the next Business Day, or as soon as

practicable thereafter, or as may be agreed to by the Debtors and the holder of the Claim or Member Equity Interest.

12.3  <u>Manner of Payments Under the Plan</u>.  Cash payments made pursuant to the Plan shall be made in the currency of the United States, by check drawn on a domestic bank or by wire transfer from a domestic bank.  Distributions to all holders of Allowed Claims and Member Equity Interests shall be made (a) at the addresses set forth in the proof of claim filed by such holders (or at last known addresses of such holders if no proofs of claims were filed or the Debtors were notified of a change of address); or (b) at the addresses set forth in any written notices of address change delivered to the Debtors or the Bankruptcy Court; or (c) at the addresses reflected in the Debtors' schedules if no claim shall have been filed and no written notice of an address change has been received by the Debtors. No payments shall be made to a holder of a Disputed Claim unless and until such Claim becomes an Allowed Claim by a Final Order.

12.4  <u>Fractional Cents</u>.   Any other provision of the Plan to the contrary notwithstanding, no payments of fractions of cents will be made.  Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent (rounding down in the case of .5).

12.5  <u>Non-Negotiated Checks</u>.  If a Holder of an Allowed Claim, or any other claim or interest fails to negotiate a check issued to such Holder under the Plan within sixty (60) days of the date such check was issued by the Reorganized Debtors, then the amount of Cash or other property attributable to such check shall be deemed to be "Unclaimed Distributions," and the payee of such check shall be deemed to have no further Claim or future Claim against the Debtors or the Reorganized Debtors.

12.6  <u>Unclaimed Distributions</u>.  In the event any payment to a holder of a Claim under the Plan remains unclaimed for a period of sixty (60) days after such distribution has been made (or after such delivery has been attempted), such Unclaimed Distribution

and all future distributions to be made to such holders shall be deemed forfeited by such holder.

12.7 <u>Disputed Payments or Distributions</u>. In the event of any dispute between and among Claimants (including the Entity or Entities asserting the right to receive the disputed payment or distribution) as to the right of any Entity to receive or retain any payment or distribution to be made to such Entity under the Plan, the Reorganized Debtors may, in lieu of making such payment or distribution to such Entity, make it instead into an escrow account or to a disbursing agent, for payment or distribution as ordered by a court of competent jurisdiction or as the interested parties to such dispute may otherwise agree among themselves.

**ARTICLE 13. EFFECT OF CONFIRMATION OF PLAN**

13.1 <u>Discharge</u>. Any liability imposed by the Plan will not be discharged. If Confirmation of this Plan and/or the conditions precedent to the effectiveness of the Plan are not satisfied, the Plan shall be deemed null and void. In such event, nothing contained in this Plan shall be deemed to constitute a waiver or release of any claims against the Debtors or their Estates or any other Persons, or to prejudice in any manner the rights of the Debtors, their Estates, and/or any Person in any further proceeding involving the Debtors, their Estates and/or any Person. The provisions of this Plan shall be binding upon the Debtors, all Creditors and all Member Equity Interest holders, regardless of whether such Claims or Member Equity Interest holders are impaired or whether such parties accept this Plan, upon Confirmation thereof.

13.2 <u>Modification of Plan</u>. Except as provided in Section 15.2.4 of the Plan, the Plan Proponents may modify the Plan at any time before Confirmation. However, the Bankruptcy Court may require a new Disclosure Statement or re-voting on the Plan if the Plan Proponents materially modify the Plan before Confirmation. Except as provided in Section 15.2.4 of the Plan, the Plan Proponents may also seek to modify the Plan at any

time after Confirmation so long as (a) the Plan has not been substantially consummated, and (b) the Bankruptcy Court authorizes the proposed modification after notice and a hearing. After Confirmation, the Plan Proponents may, upon Order from the Bankruptcy Court, in accordance with Section 1127(b) of the Bankruptcy Code, remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the purpose of this Plan.

13.3 <u>Post-Confirmation Quarterly Fees</u>. Quarterly fees pursuant to 28 U.S.C. Section 1930(a)(6) continue to be payable to the Office of the United States Trustee by the Reorganized Debtors until such time as the Case is converted, dismissed, or closed pursuant to a final decree.

13.4 <u>Retention of Claims and Causes of Action</u>. Except to the extent any rights, claims, causes of action, defenses, and counterclaims are expressly and specifically released or assigned in connection with this Plan or in any settlement agreement approved during the Case: (i) any and all Claims accruing to the Debtors or the Estates shall remain assets of and vest in the Reorganized Debtors whether or not litigation relating thereto is pending on the Effective Date, and whether or not any such Claims have been listed or referred to in the Plan, the Disclosure Statement, or any other document filed with the Bankruptcy Court, and (ii) neither the Debtors nor the Estate waive, release, relinquish, forfeit, or abandon (nor shall they be estopped or otherwise precluded or impaired from asserting) any Claims or defenses that constitute property of the Debtors or the Estates: (a) whether or not such Claims or defenses have been listed or referred to in this Plan, the Disclosure Statement, or any other document filed with the Bankruptcy Court, (b) whether or not such Claims are currently known to the Debtors, and (c) whether or not a defendant in any litigation relating to such Claims filed a proof of claim in the Case, filed a notice of appearance or any other pleading or notice in the Case, voted for or against this Plan, or received or retained any consideration under this

Plan. Without in any manner limiting the scope of the foregoing, notwithstanding any otherwise applicable principle of law or equity, including, without limitation, any principles of judicial estoppel, res judicata, collateral estoppel, issue preclusion, or any similar doctrine, the failure to list, disclose, describe, identify, analyze or refer to any Claim or cause of action, in the Plan, the Disclosure Statement, or any other document filed with the Bankruptcy Court shall in no manner waive, eliminate, modify, release, or alter the Debtors' right to commence, prosecute, defend against, settle, recover on account of, and realize upon any Claim that the Debtors or their Estates have or may have as of the Effective Date.

Except to the extent any rights, claims, causes of action, defenses, and counterclaims are expressly and specifically released or assigned in connection with this Plan or in any settlement agreement approved during the Case, the Debtors and Reorganized Debtors, as applicable, expressly reserve all Claims and defenses for later adjudication by the Reorganized Debtors and therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches will apply to such Claims and defenses upon or after the Confirmation or Consummation of the Plan based on the Disclosure Statement, the Plan, and/or the Confirmation Order. In addition, the Debtors and Reorganized Debtors, as applicable, expressly reserve the right to pursue or adopt Claims that are alleged in any lawsuits in which the Debtors are a defendant or an interested party, against any Person or Governmental Entity, including the plaintiffs or co-defendants in such lawsuits. Any Person or Governmental Entity to whom the Debtors have incurred an obligation (whether on account of services, purchase, sale of goods or otherwise), or who has received services from the Debtors, or who has received money or property from the Debtors, or who has transacted business with the Debtors, or who has leased equipment or property from or to the Debtors should assume that such

obligation, receipt, transfer or transaction may be reviewed by the Debtors and Reorganized Debtors, as applicable, subsequent to the Effective Date and maybe the subject of an action after the Effective Date, whether or not: (a) such Person or Governmental Unit has Filed a proof of Claim against the Debtors in the Case; (b) such Person's or Governmental Unit's proof of Claim has been objected to by the Debtors; (c) such Person's or Governmental Unit's Claim was included in the Debtors' Schedules; or (d) such Person's or Governmental Unit's scheduled Claim has been objected to by the Debtors or has been identified by the Debtors as contingent, unliquidated or disputed.

13.5 <u>NO WAIVER OF CLAIMS.</u> NEITHER THE FAILURE TO LIST A CLAIM IN THE SCHEDULES FILED BY THE DEBTORS, THE FAILURE OF THE DEBTORS OR ANY OTHER PERSON TO OBJECT TO ANY CLAIM FOR PURPOSES OF VOTING, THE FAILURE OF THE DEBTORS OR ANY OTHER PERSON TO OBJECT TO A CLAIM OR ADMINISTRATIVE EXPENSE BEFORE CONFIRMATION OR THE EFFECTIVE DATE, THE FAILURE OF ANY PERSON TO ASSERT A CLAIM OR CAUSE OF ACTION BEFORE CONFIRMATION OR THE EFFECTIVE DATE, THE ABSENCE OF A PROOF OF CLAIM HAVING BEEN FILED WITH RESPECT TO A CLAIM, NOR ANY ACTION OR INACTION OF THE DEBTORS OR ANY OTHER PERSON WITH RESPECT TO A CLAIM, OR ADMINISTRATIVE EXPENSE, OTHER THAN A LEGALLY EFFECTIVE EXPRESS WAIVER OR RELEASE SHALL BE DEEMED A WAIVER OR RELEASE OF THE RIGHT OF THE DEBTORS, BEFORE OR AFTER SOLICITATION OF VOTES ON THE PLAN OR BEFORE OR AFTER CONFIRMATION OR THE EFFECTIVE DATE TO (A) OBJECT TO OR EXAMINE SUCH CLAIM OR ADMINISTRATIVE EXPENSE, IN WHOLE OR IN PART OR (B) RETAIN AND EITHER ASSIGN OR EXCLUSIVELY ASSERT, PURSUE, PROSECUTE, UTILIZE, OTHERWISE ACT OR

OTHERWISE ENFORCE ANY CLAIM OR CAUSE OF ACTION AGAINST THE HOLDER OF ANY SUCH CLAIM.

**ARTICLE 14. GENERAL PROVISIONS**

14.1 <u>Notices Under the Plan.</u> Notices, requests, or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and:

<u>if sent to the Debtors or Reorganized Debtors, addressed to:</u>

GALLAGHER & KENNEDY, P.A.
John R. Clemency
Todd A. Burgess
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Facsimile:    (602) 530-8500
Email:        john.clemency@gknet.com
              todd.burgess@gknet.com

<u>if sent to AWI or Perciballi, addressed to:</u>

QUARLES & BRADY, LLP
Susan G. Boswell
Lori Winkelman
One South Church Avenue, Suite 1700
Tucson, Arizona 85701-1621
Email:  Susan.Boswell@quarles.com
        Lori.Winkelman@quarles.com

14.2 <u>Withholding Taxes/Setoffs.</u> The Reorganized Debtors shall be entitled to deduct any Federal or State withholding taxes from any payments with respect to Allowed Claims for wages of any kind. The Reorganized Debtors may, but shall not be required to, set off or recoup against any Claim, and the payments to be made pursuant to the Plan in respect of such Claim, any claims of any nature whatsoever the Debtors or the Estates may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors or Reorganized Debtors, as applicable, of any such claim the Debtors may have against such

holder.

14.3 <u>Committee</u>. On the Effective Date, the Committee shall automatically dissolve and the members thereof and the Professional Persons retained by the Committee in accordance with Section 1103 of the Bankruptcy Code shall be released and discharged from their respective duties and obligations.

14.4 <u>Headings</u>. The headings used in this Plan are inserted for convenience only and neither shall constitute a portion of this Plan nor in any manner affect the provisions of this Plan.

14.5 <u>Unenforceability</u>. Should any provision in this Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of this Plan.

14.6 <u>Certain Terminations</u>. On the Effective Date, all instruments evidencing indebtedness of the Debtors discharged by the Plan shall be deemed canceled, unless this Plan provides for the retention of liens.

14.7 <u>Governing Law</u>. Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Arizona without regard to its conflicts of law principles.

14.8 <u>Liquidated and/or Disputed Claims</u>. The Bankruptcy Court shall fix or liquidate the amount of any contingent and/or disputed Claim pursuant to Section 502 of the Bankruptcy Code. The amount so fixed shall be deemed the amount of such contingent Claim for purposes of this Plan. In lieu thereof, the Bankruptcy Court may determine the amount to be reserved for such contingent Claim, which amount shall be the maximum amount which the holder of such contingent Claim shall be entitled to receive under this Plan if such contingent Claim is allowed in whole or in part.

14.9 <u>Revocation of Plan</u>. The Plan Proponents reserve the right to revoke and withdraw this Plan at any time before Confirmation.

14.10 <u>Reservation of Rights</u>.  Nothing contained herein shall prohibit the Debtors from prosecuting or defending any of its rights as may exist on its own behalf before the Effective Date.  If Confirmation of the Plan does not occur, the Plan shall be deemed null and void.  In such event, nothing contained in the Plan shall be deemed to constitute a waiver or release of any Claims by or against the Debtors, their Estates, or any other Person, or to prejudice in any manner, the rights and remedies of the creditors, the Debtors, their Estates, or any Person in any further proceedings involving the Debtors or their Estate.  The filing of the Plan and or any modifications hereto, and the Plan itself shall not constitute a waiver by the Plan Proponents of any rights, remedies, objections, or causes of action they may have or may wish to raise with respect to anything, including, without limitation, any other plan or plans filed or to be filed in this bankruptcy case, all of which rights and objections are hereby reserved.

14.11 <u>Exemption from Certain Transfer Taxes</u>.  Pursuant to Section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of a security, or the making or delivery of an instrument of transfer hereunder will not be subject to any stamp, tax, or similar tax.

14.12 <u>Injunction</u>.  Except as otherwise provided in the Plan or the Confirmation Order, and except for any actions timely filed pursuant to Section 523 of the Bankruptcy Code or any Claims declared by the Bankruptcy Court to be non-dischargeable pursuant to Section 523 of the Bankruptcy Code, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against the Debtors or their Estates, or Member Equity Interests in the Debtors, are, with respect to any such Claims or Member Equity Interests, permanently enjoined from and after the Confirmation Date from:  (i) commencing, conducting or continuing in any

1  manner, directly or indirectly, any suit, action or other proceeding of any kind (including,
2  without limitation, any proceeding in a judicial, arbitral, administrative or other forum)
3  with respect to any such Claim  against or affecting the Debtors, their Estates or any of
4  their respective property, or any direct or indirect transferee of any property of, or direct
5  or indirect successor in interest to, any of the foregoing Persons, or any property of any
6  such transferee or successor; (ii) enforcing, levying, attaching (including, without
7  limitation, any pre-judgment attachment), collecting or otherwise recovering by any
8  manner or means, whether directly or indirectly, with respect to any judgment, award,
9  decree or order against the Debtors, their Estates or any of their respective property, or
10 any direct or indirect transferee of any property of, or direct or indirect successor in
11 interest to, any of the foregoing Persons, or any property of any such transferee or
12 successor; (iii) creating, perfecting or otherwise enforcing in any manner, directly or
13 indirectly, any encumbrance of any kind against the Debtors, their Estates or any of their
14 respective property, or any direct or indirect transferee of any property of, or successor in
15 interest to, any of the foregoing Persons; (iv) asserting initially after the Effective Date
16 any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against
17 any obligation due to the Debtors, their Estates or any of their respective property, or any
18 direct or indirect transferee of any property of, or successor in interest to, any of the
19 foregoing Persons; and (v) acting or proceeding in any manner, in any place whatsoever,
20 that does not conform to or comply with the provisions of the Plan to the full extent
21 permitted by applicable law.  By accepting a distribution pursuant to the Plan, each
22 holder of an Allowed Claim receiving distributions pursuant to the Plan will be deemed
23 to have specifically consented to the injunctions set forth in this section, and, except as
24 set forth in this Section, waives any and all claims, causes of action, remedies and
25 objections of every kind against the Debtors.
26

14.13  Term of Injunctions or Stays.  Unless otherwise provided, all injunctions or stays arising before the Confirmation Date in accordance with Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date, or such later date as provided under applicable law.  For the avoidance of doubt, this Section 14.13 does not apply to the permanent injunction set forth in Section 14.12 of the Plan.

14.14  Injunction Against Interference With Plan.  Upon the entry of the Confirmation Order, all holders of Claims and Member Equity Interests and other parties in interest, including the Debtors, along with its respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

14.15  Exculpation.  Except with respect to obligations under the Plan, neither the Debtors, AWI, the Committee, the Independent Debtor Representative, Odyssey Capital Group, LLC, Investor, nor any of their respective Representatives, all solely in their capacity as such (each an "Exculpated Party"), shall have or incur any liability to the Debtors for any act or omission in connection with, or arising out of:  (i) the Case; (ii) the confirmation of the Plan; (iii) the consummation of the Plan; or (iv) the administration of the Plan or property to be distributed pursuant to the Plan, except for fraud, willful misconduct, recklessness or gross negligence; and, in all respects, each Exculpated Party shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

14.16  Successors and Assigns.  The rights and obligations of any Entity named or referred to in the Plan shall be binding upon and shall insure to the benefit of, the predecessors, successors, assigns and agents of such Entity.

## ARTICLE 15. CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVENESS OF PLAN

15.1 <u>Conditions to Confirmation.</u> The following shall be conditions to Confirmation unless such conditions shall have been duly waived:

15.1.1 The Confirmation Order has been entered in form and substance reasonably acceptable to the Plan Proponents and Investor. This condition precedent may be waived only by unanimous agreement of the Plan Proponents and Investor. If the Plan Proponents and Investor are unable to reach an agreement with any party regarding the form and substance of the Confirmation Order, the Bankruptcy Court will resolve all such disputes between the parties; and

15.1.2 All documents necessary to the implementation of the Plan shall be in form and substance reasonably satisfactory to the Plan Proponents and Investor. This condition precedent may be waived only by unanimous agreement of the Plan Proponents and Investor.

15.2 <u>Conditions to the Effective Date.</u> The following shall be conditions to the occurrence of the Effective Date unless such conditions shall have been duly waived as provided below:

15.2.1 The Confirmation Order in form and substance acceptable to the Plan Proponents and Investor shall have become a Final Order, except that the Plan Proponents reserve the right to cause the Effective Date to occur notwithstanding the pendency of an appeal of the Confirmation Order. This condition precedent may be waived only by unanimous agreement of the Plan Proponents and Investor.

15.2.2 The Plan and all documents necessary to implement the Plan shall be in form and substance reasonably satisfactory to the Plan Proponents and Investor, and shall have been executed and delivered to the applicable parties.

This condition precedent may be waived only by unanimous agreement of the Plan Proponents and Investor.

       15.2.3    ArmorWorks shall have unconditionally and irrevocably received the Plan Contributions from Investor and Perciballi in accordance with Article 8.2 of the Plan.  This condition precedent may be waived only by unanimous agreement of the Plan Proponents, Perciballi and Investor.

       15.2.4    Written acknowledgement by the C Squared Parties that they have received the C Squared Settlement Amount is a condition precedent to the effectiveness of the Plan.  The foregoing condition precedent is waiveable only with the express prior written consent of the C Squared Parties.  Despite any provision of the Bankruptcy Code to the contrary, including but not limited to § 1127, the Plan Proponents affirmatively waive the right to modify the Plan to remove, edit or modify this condition precedent.  Notwithstanding the foregoing, in the event that the Bankruptcy Court authorizes the removal, edit or modification of this condition precedent without the C Squared Parties' prior written consent, the Plan Proponents acknowledge and agree that the removal, edit or modification of this condition precedent without the C Squared Parties' written consent would constitute a material modification of the Plan mandating an amended disclosure statement and re-balloting of the Plan.

       15.3   <u>Absence of Waiver or Satisfaction Conditions.</u>  In the event all conditions to the effectiveness of the Plan are not satisfied, or waived in accordance with the foregoing provisions, the Plan shall be deemed null and void without any further action of the Bankruptcy Court.  In such event, nothing contained in this Plan shall be deemed to constitute a waiver or release of any claims by or against the Debtors, their Estates, or any other Persons, or to prejudice in any manner the rights of the Debtors, their Estates,

or any other Persons in any further proceeding in the Bankruptcy Court or any other court or proceeding.

Dated:  June 17, 2014

**ARMORWORKS ENTERPRISES, LLC**, an Arizona limited liability company

By and through:

WILLIAM J. PERCIBALLI

By: _/s/William J. Perciballi_
Name:  William J. Perciballi
Its:  Authorized Representative

**TECHFIBER, LLC**, a Delaware limited liability company by:

ARMORWORKS ENTERPRISES, LLC, an Arizona limited liability company, its sole Member

By and through:

WILLIAM J. PERCIBALLI

By: _/s/William J. Perciballi_
Name:  William J. Perciballi
Its:  Authorized Representative

**ARMORWORKS, INC.**

By:_   /s/William J. Perciballi_
Name:  William J. Perciballi
Its:     Authorized Representative

**WILLIAM J. PERCIBALLI**

_/s/William J. Perciballi_

1 Prepared and submitted on behalf of the Debtors by:

2 GALLAGHER & KENNEDY, P.A.

3

4 By:___/s/Todd A. Burgess (019013)_____
          John R. Clemency
5        Todd A. Burgess
          2575 East Camelback Road
6        Phoenix, Arizona 85016-9225
          Telephone:    (602) 530-8000
7        Facsimile:     (602) 530-8500
          Email:  john.clemency@gknet.com
8                    todd.burgess@gknet.com

9

10 Prepared and submitted on behalf of ArmorWorks, Inc. and William J. Perciballi by:

    QUARLES & BRADY, L.L.P.
11

12
    By:___/s/Susan G. Boswell (with permission)_____
13        Susan G. Boswell
          Lori Winkelman
14        One South Church Avenue, Suite 1700
          Tucson, Arizona 85701-1621
15        Direct Line: (520) 770-8713
          Direct Fax: (520) 770-2222
16        Mobile:  (520) 349-6644
          Email:  Susan.Boswell@quarles.com
17                    Lori.Winkelman@quarles.com

18

19

20

21

22

23

24

25

26

| | |
|---|---|
| 1 | **SCHEDULE 8.8** |
| 2 | **(MEMBERS AND MANAGERS OF THE REORGANIZED DEBTORS)** |
| 3 | ArmorWorks: |
| 4 | Sole Member: AWI |
| | Managers:  Perciballi and one or more persons appointed by Investor |
| 5 | |
| 6 | TechFiber: |
| 7 | Sole Member and Manager:  ArmorWorks |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

4265551v4/22420-0006

1

**SCHEDULE 9.1(a)**

2

**(SCHEDULE OF REJECTED CONTRACTS)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**SCHEDULULE 9.1(b)**
**(SCHEDULE OF ASSUMED CONTRACTS)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

4265551v4/22420-0006